IN THE UNITED STATES DISTRICT COURT FOR
THE ~~NORTHERN~~ DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2005 JUN 10 P 5:05

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

C&J Associates Pest Control,

CURTIS DUNCAN

Plaintiff,

VS.

RAYBURN HORNSBY
JOHNNY HARRIS
STAN CARLTON
ISSAC KERVIN
PAT ANTLE
et al.,
DEFENDANTS

CV 2:05cv557-A

**DEMAND FOR JURY TRIAL**

COMPLAINT

A. JURISDICTION

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. 1343 (3) (4).  This action is authorized by Title 42 U.S.C. 1981, 1983, 1985, 1986 and the 1991 Civil Rights Act seeking to restrain the defendants, their servants, agents, employees, successors and anyone acting in concert and participation with them from depriving plaintiff, under color of state law, statute, ordinance, regulation, custom or usage, of rights, privileges and immunities secured by the Constitution and Statutes of the United States.

2. Jurisdiction of this Court is also invoked pursuant to the provisions of Title 28 U.S.C., 1331. This action seeks to redress the deprivation of rights secured under the Fourteenth Amendment of


SCANNED 6/13/05

the Constitution of the United States. To obtain equitable relief for the cost of suit, and an award for damages suffered by Plaintiff due to the Defendant's discrimination against Plaintiff. The amount in controversy exceeds the sum or value of Ten Thousand (10,000.00) Dollars exclusive of interest and cost.

B.  PARTIES

3. The named plaintiff is black citizen of the United States and of the State of Alabama and is over the age of nineteen years. Plaintiff resides in Montgomery County, Alabama. Plaintiff has performed Pest Control Services for twenty five years and is sole owner of C&J Associates Pest Control.

4. The defendant Rayburn Hornsby is Office Manager of the First Division for the State of Alabama Transportation Department. He is named in his individually capacity.

5. The defendant Johnny Harris is Division Engineer of the First Division for the State of Alabama Transportation Department He is named in his individually capacity.

6. The defendant Stan Carlton is Procurement Officer for the State of Alabama of Transportation He is named in his individually capacity.

7. The defendant Isaac Kervin is Finance Purchasing Director for the State of Alabama. He is named in his individually capacity.

8. The defendant Pat Antle is a Buyer for the Finance Purchasing for the State of Alabama. She is named in her individually capacity.

C.  NATURE OF ACTION AND FACTUAL ALLEGATIONS GIVING RISE TO THE PLAINTIFF'S CAUSE OF ACTION

9. This action is brought by Plaintiff because Defendants Rayburn Hornsby, Johnny Harris, Stan Carlton had of impremissionable preference for favorite a white vendor Cook Pest Control when they wrote bid specifications tailored made for Sentricon distributors in order to make it a sole source product. Defendants Hornsby, Harris, Carlton knew by writing the specifications so restrictive that it would

eliminate the majority of the competition, and this would increase the odds of for Cook Pest Control to obtain the contract especially with them evaluating the bids. Cook Pest Control was performing the regular pest control for the First Division during the time termites were sighted and are currently performing the regular service.

10. Defendants Hornsby, Harris, Carlton submits a requisition and letter on December 3, 2002 to Transportation Director Paul Bowlin for treatment and control of termites for the First Division Buildings. The letter stated that an authorized pest control firm has confirmed finding termites, but did not reveal the name of the company that performed the inspection. The requisition was written specifically for Sentricon the same product that Cooks Pest Control has rights to distribute. The price for termite treatment on the requisition is $18,005.00.

11. Defendants Hornsby, Harris, Carlton submits a letter on January 16, 2003 to Defendant Antle that Sentricon should be only product accepted for the treatment termites for the First Division. No alternative products will be considered. The letter fraudulently states that Defendant Hornsby speared headed the evaluation of the most prevalent subterranean termite control program. The only information offered by Defendants Hornsby, Harris, Carlton for declaring Sentricon a sole source product is an half a page of comparing Sentricon a bait to Aventis or Premise liquid, plus a page and a half of information about Sentricon off the Sentricon web site. They did not compare Sentricon to any other termite bait on the market.

12. Defendants Kervin, Antle rejected the fraudulent actions of Defendants Hornsby, Harris, Carlton of trying to make Sentricon a sole source product. State Purchasing in accordance with the Competitive Bid Law advertised ITB 2130174 and 213074 would accept any equivalent product to Sentricon aimed at colony elimination.

13. Defendants Pat Antle and Isaac Kervin advertised Invitation to Bid for Termite Treatment

and Control for the Transportation and Correction Departments through the State Purchasing of Alabama March 13, 2003.

14. Plaintiff on March 17, 2003 protested the restrictive bid specifications for subterranean termite for Corrections and Transportation Departments. Sentricon was named the termite bait of choice or approved equivalent bait. Plaintiff wrote a letter on March 24, 2003 concerning this matter to Defendants Kervin, Antle willfully and knowingly ignored Plaintiff protest because his race.

15. Plaintiff March 25, 26, 2003 performed required site visits and collected signatures for Corrections and Transportation. Defendants Hornsby, Harris, Carlton became aware of Plaintiff race at this time.

16. Defendants Kervin, Antle proceeded with the bid specifications recommending Sentricon or any equivalent product aimed at colony elimination and had the bid opening on March 27, 2003.

17. Plaintiff submitted the lowest responsible bid for both departments.

18. Plaintiff submitted on April 7, 2003 information and the label about Outpost by fax to Defendants Antle, Hornsby which they willingly and knowing chose to fraudulently ignore because of their racial bias for Plaintiff.

19. The Correction Department and the State Purchasing declared Plaintiff the lowest responsible bidder for solicitation number 2130174.

20. Jimmy Rhodes Director of Procurement for Corrections on April 15, 2003 wrote in a memorandum to Defendant Pat Antle Buyer for State Purchasing that Plaintiff was the low bidder and met all specifications.

21. Defendant Antle on April 17, 2003 awarded Plaintiff the contract to perform the termite treatment for Corrections Limestone.

22. Defendant Harris on April 17, 2003 wrote a fraudulent letter to Defendant Carlton to disqualify

Plaintiff bid because of his preference for a white vendor Cook Pest Control and his racial bias for Plaintiff.

23. Defendant Harris fraudulently writes in his letter that Plaintiff low bid is unacceptable. Defendant Harris falsely states that Plaintiff product is not equal to Sentricon, due to no guarantee of elimination of Subterranean Termites. Falsely states that Plaintiff did not include a replacement guarantee for termite damage in his bid.

24. Defendants Carlton on April 21, 2003 wrote a fraudulent letter to Defendant Antle and falsely writes that Plaintiff product Outpost does not meet the specifications. Defendant Carlton falsely states that Plaintiff product Outpost does not offer total colony elimination as Sentricon. Falsely states that the primary ingredient in Outpost is listed by the EPA for environmental toxicity. Falsely states that Plaintiff failed to provide documentation of required damage protection warranty. Falsely stated that Cook Pest was second low bid at a total bid price of $23,515.20.

25. Solicitation 2130153 reads, RECOMMENDED PRODUCT FOR TERMITE ELIMINATION: SENTRICON, CONTAINING HEXAFLUMURON AS THE ACTIVE INGREDIENT. ANY EQUIVALENT PRODUCT MUST BE AIMED AT COLONY ELIMINATION. Plaintiff product Outpost is equivalent Sentricon according to the products labels, scientific data and advertisement. Solicitation makes no reference about turning in a replacement guarantee for termite damage with the bid and none of the Defendants who evaluated the bids asked for Plaintiff to turn one in during the evaluations. Defendant Carlton reference to Plaintiff product Outpost primary active ingredient as being listed by the EPA for environmental toxicity is merit less. It common knowledge that all pesticides are listed with the EPA because the law requires all pesticides environmental toxicity levels be made public. The EPA list Sentricon for environmental toxicity, like any other pesticide it regulates. The fact of the matter is that Outpost ingredient is the chemical diflubenzuron, for Sentricon ingredient is the chemical

hexaflumuron both are in same chemical family known as Chitin Inhibitors. Both chemicals interferes with the insect's ability to molt. Cook Pest Control bid was actually the highest submitted at $221,570.00, Terminix bid was $79,650.00. Both bids were non-responsive because they were excessively high. Plaintiff bid was $13,300.00 it was the lowest responsible bid but was disqualified improperly.

26. Defendants Kervin, Antle of State Purchasing in accordance with the State Competitive Bid Law stop Defendants Hornsby, Harris, Carlton of Transportation, fraudulent actions to make Sentricon a sole source product before the advertising of the bid and bid opening.

27. Defendants Kervin, Antle after the bid opening reversed their decision they made before the advertising of the bid of not allowing Sentricon to be the sole source product. Because of improper influence by Defendants Hornsby, Harris, Carlton Defendants Kervin, Antle fraudulently disqualified Plaintiff bid 2130174 for Corrections by falsely stating Plaintiff product Outpost was not equivalent to Sentricon. Defendants Hornsby, Harris, Carlton, Kervin, Antle willfully and knowingly decided to discriminate against Plaintiff because of his race. The Defendants collective decided to violate the Competitive Bid Law by deciding to improperly declaring Sentricon a sole source product after identifying Plaintiff race and that he had submitted lowest responsible price for both bids. Plaintiff race was the only motivating factor used by the Defendants to make this improper decision.

28. Defendants Kervin, Antle had a dilemma because Corrections had already correctly declared Plaintiff the lowest responsible bidder for Limestone. Defendants Kervin, Antle knew they could not have Corrections on record approving Plaintiff product Outpost as equivalent to Sentricon and Transportation on record disqualifying Plaintiff Outpost as not equivalent to Sentricon. Defendants Kervin, Antle willfully and knowingly decided to discriminate against Plaintiff because of his race and violated the Competitive Bid Law.

29. Defendants Kervin, Antle because of their racial bias for Plaintiff fraudulently influenced

Jimmy Rhodes Director of Procurement for Corrections to reverse his decision on April 15, 2003 that Plaintiff was low bidder and had met all specifications. Defendants Kervin, Antle improperly influenced Mr. Rhodes to write a letter on April 25, 2003 using the same false information Defendants Hornsby, Harris, Carlton used before the advertising of the bids to illegally justify trying to make Sentricon a sole source product. Defendants Kervin, Antle at that time correctly overruled this illegal position of Defendants Hornsby, Harris, Carlton. Defendants Kervin, Antle convinced Mr. Rhodes to choose a company that distributes Sentricon.

30. Defendant Antle awarded Cook Pest Control on April 29, 2003 bid 2130153 even with all these discrepancies. This non responsive bid was later rejected by Defendants Kervin, Antle because it was not in compliance with the Competitive Bid Law.

31. Defendants Hornsby, Harris, Carlton, Kervin, Antle preference for favorite white vendor Cook Pest Control, willfully and knowingly decided to discriminate against Plaintiff because of his race. Defendants decided to re-bid 2130153 as 2132146 and change the specifications to require Sentricon as sole source product.

32. Defendants Hornsby, Harris, Carlton, Kervin, Antle reissued the Transportation bid on May 19, 2003. Plaintiff wrote a protest letter on May 22, 2003 which Defendants collectively chose to ignore because of their racial bias for Plaintiff.

33. Defendants Hornsby, Harris, Carlton, Kervin, Antle willfully and knowing decided to make Sentricon a sole source product and disqualified Plaintiff equivalent product Outpost TBR after the opening of the bids, to discriminate against Plaintiff because of his race. Defendants then evaluated only the two favorite white vendors Cook Pest and Terminix Pest Control who distributed Sentricon a sole source product for the awarding of the Corrections termite contract. Plaintiff submitted lowest responsible for bid for Transportation solicitation 2130153.

34. The two favorite white vendors Cook Pest Control and Terminix Pest Control who both turned in a non-responsible bids because of errors in their pricing of the bid. Defendants Hornsby, Harris, Carlton, Kervin, Antle by disqualifying Plaintiff for not having the sole source product Sentricon, gave the two favorite white vendors Cooks Pest Control and Terminix Pest Control a second opportunity to bid again with no competition from comparable products such Outpost TBR offered by the Plaintiff.

35. Plaintiff wrote a protest letter dated May 30, 2003 turned in on June 3, 2003 to Defendant Kervin. The Defendants collectively because of their racial bias for Plaintiff chose to fraudulently ignore d this protest letter.

36. Plaintiff wrote another protest letter on June 4, 2003 to Defendant Kervin. The Defendants collectively because of their racial bias for Plaintiff chose to fraudulently ignore this protest letter.

37. Defendants Hornsby, Harris, Carlton, Kervin, Antle on June 5, 2003 to open bid 2132146, which only allowed Sentricon distributors to bid on the contract. The two favorite white vendors Cooks Pest Control and Terminix Pest Control were the only bidders. Cook Pest Control once again was non-responsive because it did not get the required signature. Terminix Pest Control was eventually awarded the contract on June 11, 2003.

38. Defendants Hornsby, Harris, Carlton, Kervin, Antle intentionally and fraudulently ignored Plaintiff protest letters through out the bidding process because of their racial bias for Plaintiff. Plaintiff protests were never taken serious by Defendants who collectively impaired Plaintiff ability to make and enforce a contract with Corrections and Transportation Departments.

39. Defendants Hornsby, Harris, Carlton, Kervin, Antle intentional kept Plaintiff in the dark about the status of the bids until Defendants collectively had awarded both contracts to a sole source Sentricon distributor and the work had already been completed.

40. Defendants Hornsby, Harris, Carlton, Kervin, Antle improprieties violated Plaintiff constitutional

rights under the 14th Amendment of Equal Protection Of The Law. The Defendants collectively was not performing discretionary functions within their official capacity, but were acting under the color of state in their individually capacity outside the scope of their job and ministerial functions. Plaintiff is not suing Defendants in their official capacity, but in their individual capacity. The Defendants waived their sovereign and qualified immunity when they willingly and knowingly discriminated against Plaintiff because of his race in their individual capacity. The Defendants are liable for the damages they caused Plaintiff because they chose not to perform their ministerial duties within their scope of their official capacity. The immunity defense shall fail for the Defendants since a reasonable competent official should know the law governing his conduct.

## COUNT ONE

### RACE DISCRIMINATION; VIOLATION OF THE 14TH AMENDMENT EQUAL PROTECTION EQUAL PROTECTION CLAUSE; VIOLATION OF 42 U.S.C. 1981 AND THE CIVIL RIGHTS OF 1991

41. Plaintiff repeats, realleges, and incorporates by reference paragraphs 1-40 above, the same as if more fully set forth herein, and further alleges that the Defendants actions have violated Plaintiff Federal Constitutional Right of the 14th Amendment to enjoy equal protection of the law and civil rights to be free of race discrimination in state contracting.

42. This count is brought for damages and other relief under 42 U.S.C. 1981 for Defendants violation of Plaintiff rights to make and enforce a state contract.

43. As a proximate cause of the Defendant's actions, Plaintiff has been injured and damaged, as set forth in paragraph above.

## COUNT TWO

### RACE DISCRIMINATION; VIOLATION OF THE 14TH AMENDMENT EQUAL PROTECTION EQUAL PROCTECTION CLAUSE; VIOLATION OF 42 U.S.C. 1983 AND THE CIVIL RIGHTS ACT OF 1991

44. Plaintiff repeats, realleges, and incorporates by reference paragraphs 1- 43 above, the same as if more fully set forth herein, and further alleges that the Defendants actions have violated Plaintiff 14th Amendment and civil rights under the color of state law.

45. This count is brought for damages and other relief under 42 U.S.C. 1983 for the acts of the Defendants which were carried out while they was acting under the color of state law and in violation of Plaintiff 14th Amendment of the United States Constitution and civil rights.

46. As a proximate cause of the Defendant's actions, Plaintiff has injured and damaged, as set forth in paragraph above.

## COUNT THREE

### VIOLATION OF STATE OF ALABAMA COMPLETIVE BID LAWS 41-16-50, 41-16-63 STATE OF ALABAMA ADMINSTRATIVE PROCEDUCES BOARD OF EXAMINATERS ESTABLISHED PROCEDURES

47. Plaintiff repeats, realleges, and incorporates by references paragraphs 1-46 above, the same as if more full set herein and further alleges that the Defendants Rayburn Hornsby, Johnny Harris, Stan Carlton, Issac Kervin, Pat Antle action violates the State Completive Bid Law, State of Alabama Administrative Procedures and the Board of Examinaters Established Procedures.

48. This count is brought for damages and other relief for the acts of Defendants Hornsby, Harris, Carlton, Kervin, Antle.

49. As a proximate cause of the Defendant's actions Plaintiff had been injured and damaged, as set forth in paragraph above.

## PRAYER OF RELIEF

WHEREFORE, Plaintiffs respectfully pray:

1. That this Court set a prompt hearing on Plaintiffs' Complaint, to hear the direct evidence of defendants' bias and discriminatory actions against plaintiff that have deprived plaintiff of his guaranteed rights under the Fourteenth Amendments to the Constitution of the United States specifically The Equal Protection Clause, to Title 42 U.S.C 1981, U.S.C. 1983 and the Civil Rights Acts of 1991.

2. Issuing an order requiring defendants to pay plaintiff his costs in this action.

3. Issuing such other further relief to which plaintiff may show he to be justified entitled, or which the Court may consider appropriate.

4. Issuing an order to eliminate all the defendants' bias and discriminatory effects.

A TRIAL BY JURY IS REQUESTED

Respectfully submitted,

Plaintiff, *Curtis Duncan*

I Curtis Duncan declare that all foregoing allegations of my complaint are true and correct in every particular, on this the 10th day of June 2005.

C & J Associates
P.O. Box 8184
Montgomery, AL 36110
Phone - 334-201-5203