IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT FOR ALABAMA

| | |
|---|---|
| **C&J ASSOCIATES PEST CONTROL, et al,** )<br>)<br>)<br>**Plaintiffs,** )<br>)<br>**v.** )<br>)<br>**RAYBURN HORNSBY, et al,** )<br>)<br>**Defendants.** ) | 2:05CV557-WHA-DRB |

### DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, STATEMENT OF UNDISPUTED FACTS, AND SUPPORTING BRIEF OF FACT AND LAW

COME NOW the Defendants Isaac Kervin and Pat Antle, by and through the Honorable Troy King, Attorney General for the State of Alabama, and move this Honorable Court to enter a summary judgment in their favor dismissing the action pursuant to Rule 56 of the Federal Rules of Civil Procedure and for grounds state as follows:

1. There is no dispute as to any material fact.

2. The Defendants are entitled to judgment as a matter of law.

3. The Defendants are entitled to a summary judgment because the Plaintiff has failed to provide substantial evidence to support his claims of intentional discrimination.

## DEFENDANTS' EXHIBITS

Exhibit 1 — Affidavit of Isaac Kervin

Exhibit 2 — Affidavit of Pat Antle

## STATEMENT OF UNDISPUTED FACTS

Mr. Curtis Duncan, Plaintiff, alleges he failed to receive State contracts due to the fact he is an African-American. Plaintiff submitted bids on contracts to provide termite treatment for the Alabama Department of Transportation, as well as the Alabama Department of Corrections-Limestone Facility. Plaintiff's low bid for the Alabama Department of Transportation was rejected following review, as it was determined the bid did not meet the required specifications. Plaintiff's Outpost system was not the specified, nor was it comparable, to the required Sentricon system. Furthermore, the plaintiff failed to provide documentation of the required damage protection warranty, which the contract specifications required.

As a result of the rejection of Plaintiff's bid for the Department of Transportation contract, the Department of Corrections also rejected Plaintiff's bid, as it too failed to meet the required specifications, which were identical to those for the Department of Transportation. Despite the rejection of these bids for contracts, the plaintiff has maintained an active and successful bidding history with the State, which is proven by the attached affidavit of Isaac Kervin. It follows that plaintiff has failed to establish a prima facie case of intentional discrimination, and summary judgment is appropriate.

# MEMORANDUM BRIEF IN SUPPORT OF
# DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Summary judgment in favor of the Defendants is appropriate as the Plaintiff has failed to establish a prima facie case of intentional discrimination with regard to his bids for the ADOT and ADOC contracts. Rule 56(c) of the Federal Rules of Civil Procedure provides that a summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

## SUMMARY JUDGMENT STANDARD

Summary judgment may be granted only if there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. In making such assessment, the Court must view the evidence in a light most favorable to the non-moving party and must draw all reasonable inferences against the moving party. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). The burden of proof is upon the moving party to establish a prima facie entitlement to summary judgment by showing the absence of genuine issues and that it is due to prevail as a matter of law. See *Clark v. Coats & Clark, Inc.*, 929 F.2d 604 (11th Cir. 1991). Once that initial burden has been carried, however, the non-moving party may not merely rest upon his pleading, but must come forward with evidence supporting each essential element of his claim. See *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986); *Barfield v. Brierton*, 883 F.2d 923 (11th Cir. 1989). Unless the plaintiff, who carries the ultimate burden of proving his action, is able to show some evidence with respect to each

3

element of his claim, all other issues of fact become immaterial and the moving party is entitled to judgment as a matter of law. See *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Bennett v. Parker*, 898 F.2d 1530 (11th Cir. 1990), cert. denied, 498 U.S. 1103 (1991). As the Eleventh Circuit has explained:

> Facts in dispute cease to be "material" facts when the plaintiff fails to establish a prima facie case. "In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Thus, under such circumstances, the public official is entitled to judgment as a matter of law, because the plaintiff has failed to carry the burden of proof. This rule facilitates the dismissal of factually unsupported claims prior to trial.

*Bennett v. Parker*, 898 F.2d at 1532 (citation omitted). However, any "specific facts" pled in a pro se Plaintiff's sworn complaint must be considered in opposition to summary judgment. See *Perry v. Thompson*, 786 F.2d 1093 (11th Cir. 1986).

As is shown hereafter, Defendants have met their burden of presenting a prima facie case that there are no disputed material facts and that they are entitled to a judgment as a matter of law.

## DISCUSSION

This "case involves nothing more than the application of established law... to the individual facts of this case." *Brown v. Am. Honda Motor Co.*, 939 F.2d 946, 948 (11th Cir. 1991). The Plaintiff seeks relief under 28 U.S.C. § 1981, 1983. A section 1981 violation requires proof of intentional discrimination. *Brown*, 939 F.2d at 949. In determining whether intentional discrimination has occurred the U.S. Supreme Court established that the test to be used is the same as that which is applied to Title VII discriminatory treatment cases. *Id.* (citing *Patterson v. McLean Credit Union* U.S. 165, 185-85 (1989)). The existence of the intentional discrimination test finds its origin in

4

*McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), which created a three part test to ascertain the motive of the defendant in taking the challenged action. *Brown*, 939 F.2d at 949.

In applying the three part test the initial burden rests on the plaintiff to "demonstrate by a preponderance of the evidence a prima facie case of discrimination." *Id.* The plaintiff must demonstrate that he "is a member of a minority group, that he submitted an application or bid which met the requirements for an available contract, that the application or bid was ultimately rejected, and that the contract was eventually given to an individual who is not a member of a protected class." *Id.* (citing *Patterson v. McLean Credit Union*, 491 U.S. 165, 187 (1989)) (emphasis added). Following this, the defendant must produce evidence demonstrating a legitimate, nondiscriminatory reason for its conduct. *Brown*, 939 F.2d at 949. Moreover, the burden on the defendant is one of production rather than persuasion. *Id.*

In *Brown*, a case on point and controlling, the Eleventh Circuit held that the defendant, Honda Motors, had not engaged in racial discrimination when it chose not to award a contract to the plaintiff who was an African-American. *Brown*, 939 F.2d at 953-54. The court re-affirmed the idea that "a contract may be granted for a good reason, a bad reason, a reason based on erroneous facts, or for no reason at all, as long as it is not for a discriminatory reason." *Id.* at 951 (internal quotations omitted). The plaintiff alleged the defendant had refused to award him a contract, to operate a new car facility, because he was an African-American. *Id.* at 948. However, the bids of several white applicants were rejected as the contract was awarded to the only applicant who possessed "prior experience in the sales and service of Honda automobiles." *Id.* at 949. Given these facts,

the Court reasoned that "is difficult to hold that a practice which affects applicants of all races in the same manner is actually designed to conceal a racially discriminatory motive." *Id.* at 952.

In *Cook v. City of Cuthbert*, 195 F. Supp. 2d 1371 (M.D. Ga. 2002), a case with facts analogous to the present, the District Court found there was no discrimination in a contract where the city rescinded a contract offered to the plaintiff. In *Cook*, the plaintiff was awarded a contract outside of the general bidding process. *Cook*, 195 F. Supp. 2d at 1372. After a protest was made by a third-party, the city rescinded the contract, initiated the bidding process and ultimately gave the contract back to the plaintiff, despite the fact a bid had been offered by the third-party which was substantially lower than that offered by the plaintiff. *Id.* at 1373-74. Only after the third-party sued did the city stop payment on the check issued to the plaintiff for the contract. *Id.* at 1375.

Applying the intentional discrimination test from *Brown, supra*, the *Cook* Court held the plaintiff had failed to establish a prima facie case of intentional discrimination. *Id.* While the plaintiff met the first prong, i.e. he was a member of a minority group; he failed to produce evidence that his bid for the contract had been rejected. *Id.* In fact, the bid was accepted and only subsequently rejected after the city failed to follow the established bidding process. *Id.* Therefore, the city did not engage in any intentional discrimination, as it had ultimately committed a procedural violation with respect to the bidding process.

Applying the intentional discrimination test from *Brown*, the Plaintiff, C&J Associates, meets the first prong as a member of a minority class. See *Brown*, 939 F.2d at 949. However, much like the *Cook* case, the Plaintiff was initially awarded the contract

6

only to have it rescinded when it was discovered the product did not conform to required specifications. See *Cook*, 195 F. Supp. at 1375. Thus, the Plaintiff has failed to establish that his bid was ultimately rejected due to his race, as the contract was awarded and subsequently rescinded only upon discovery that the product failed to meet the required specifications. *See id.* As a result the plaintiff has failed to establish a prima facie case of intentional discrimination. Therefore, summary judgment in favor of the defendants is appropriate.

## STANDING

The plaintiffs listed in the complaint are Curtis Duncan and C&J Associates. C&J Associates is listed with the Alabama Department of Finance as a being owned by an African-American woman. Thus, it would appear that Mr. Duncan lacks standing.

In addition C&J Associates sent a no bid letter on June 5, 2003. To establish a prima facie case, the plaintiff must demonstrate that the plaintiff is a member of a minority group, that he submitted on application or bid which met the requirements for an available contract, that the application or bid was ultimately rejected, and that the contract was eventually given to an individual who is not a member of a protected class. *Brown* 939 F2d at 949. Plaintiff lacks standing because neither Curtis Duncan nor C&J Associates submitted a bid for the DOT contract. It is legally impossible to award a contract to a non-bidder even if specifications are met.

## STATUTE OF LIMITATIONS

The statute of limitations for a civil rights action is two years. C&J Associates submitted a no-bid letter on the DOT contract in January 5, 2003. Plaintiff failed to file a

complaint until June 10, 2005, thus missing the statute of limitations as to that portion of this lawsuit.

## CONCLUSION

The Plaintiff's bids for the contracts in question failed to meet the requirements specified by both the Alabama Department of Transportation and the Alabama Department of Corrections-Limestone Facility. Only upon discovery that the plaintiff's product failed to meet the required specifications were the contracts rejected. No contract was rejected due to the plaintiff's race, as is evidenced by the uncontested fact that the plaintiff has continued to actively receive state contracts. Summary judgment is appropriate as the plaintiff cannot establish that his failure to meet specifications in chemical composition and warranty requirements were not valid non-discriminatory reasons for the rejection of his bid.

Respectfully Submitted,
Troy King, Attorney General

/s/ Jeffery H. Long
Jeffery H. Long
Assistant Attorney General

## **CERTIFICATE OF SERVICE**

I certify that I have on this the 23rd day of August, 2005, electronically filed the foregoing with the Clerk of the Court using CM/ECF system and served a copy of the same by the United States Mail, postage prepaid, and properly addressed as follows:

C&J Associates Pest Control
Curtis Duncan
PO Box 8186
Montgomery, AL 36110


/s/ Jeffery H. Long
Of Counsel


Address of Counsel:
Office of the Attorney General
Alabama State House
11 South Union Street
Montgomery, AL 36130
(334) 242-7555
(334) 242-2433 - fax