IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| C & J ASSOCIATES PEST CONTROL, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | 2:05-CV-0557-A |
| ) | |
| RAYBURN HORNSBY, et al., ) | |
| ) | |
| Defendants. ) | |

**SCHEDULING ORDER**

This court held a Rule 16 scheduling conference on September 8, 2005, in order to clarify the claims asserted in the complaint filed *pro se* by a non-lawyer plaintiff, to emphasize the substantive law and procedural rules which will govern prosecution of the complaint, and to encourage early consideration of this court's mediation program. After due consideration of the conference and the *Report of Parties' Planning Meeting Pursuant to Rule 26(f) Fed.R.Civ.P.* (Doc.19, Sept. 7, 2005), the court enters this ORDER to set a schedule for discovery and the filing of motions.

> **PLEASE READ THIS ORDER CAREFULLY.** These deadlines and responsibilities may not be changed without leave of the court. All parties are expected to comply with each and every provision of this order in a timely manner, and extensions will be granted in only extraordinary unforeseeable circumstances. The parties are also expected to comply with the Middle District's Local Rules and the Middle District's Guidelines to Civil Discovery Practice, both of which can be found at http://www.almd.uscourts.gov/.

**1.    DISCOVERY**

    **A.    *Pre- Discovery Disclosures*** of information required by Rule 26(a)(1) shall be exchanged by September 12, 2005, as agreed in the Rule 26(f) Report.

    **B.    *Completion of Discovery*:**    All discovery as authorized by Rules 26-37 and 45, Federal Rules of Civil Procedure shall be completed **by March 15, 2006.**

    **C.    *Discovery Plan*:**    Except to the extent of any conflict with the discovery deadline and any other deadlines specified in this scheduling order, the Discovery Plan included in

the Rule 26(f) Report is adopted and incorporated herein. The parties shall comply fully with all requirements of Rule 26(a)(2) in regard to disclosure of expert testimony.

### 2. AMENDMENTS OF PLEADINGS

Pursuant to the Rule26(f) Report, Plaintiff shall file by September 30, 2005, any motions to amend the pleadings or to add parties, and Defendant shall file any such pleadings by October 15, 2005.

### 3. DISPOSITIVE MOTIONS

Any dispositive motions, i.e., motions to dismiss or motions for summary judgment, shall be **filed by January 13, 2006.**

A brief and all supporting evidence shall be filed with any such motion. In all briefs filed by any party relating to the motion, the discussion of the evidence in the brief must be accompanied by a specific reference, by page and line, to where the evidence can be found in a supporting deposition or document. Failure to make such specific reference will result in the evidence not being considered by the court. **The parties are directed to comply with the GUIDELINES FOR DISPOSITIVE MOTIONS attached to this Order.**

### 4. MEDIATION
A description of this court's program of Voluntary Mediation is attached to this Order.

### 5. PRETRIAL CONFERENCE AND TRIAL

In due course after the deadline for dispositive motions and/or consideration by the assigned trial judge of Recommendations on any dispositive motions, this case shall be scheduled, as may be necessary, for trial and pretrial conference, and a supplemental Rule 16(f) Order shall set appropriate deadlines for the disclosure of trial witnesses; the identification and submission of trial exhibits; the filing of requested voir dire questions, motions in limine, and proposed jury questions.

DONE this 9th day of September, 2005.

**/s/ Delores R. Boyd**
DELORES R. BOYD
UNITED STATES MAGISTRATE JUDGE

IN THE DISTRICT COURT OF THE UNITED STATES
MIDDLE DISTRICT OF ALABAMA

### PROGRAM OF VOLUNTARY MEDIATION

This court has established a program of voluntary mediation to assist litigants in resolving their disputes prior to trial. The court stresses that mediation is completely voluntary and confidential. The court strictly enforces the confidentiality of mediation.

The court encourages litigants to consider the salutary benefits of resolving at an early stage their dispute through voluntary mediation. Mediation is a process of confidential negotiation through which parties may often achieve results which could not be gained through submission of their case to a jury. Successful mediation saves the substantial time and expense involved with a trial. Successful mediation allows parties to alleviate the risk of trial and, at the same time, permits the parties to play an active role in the final decision about their case. The mediation process generally involves a joint meeting with all parties and counsel to discuss the case and each side's position. After this meeting the mediator will meet with each side individually for a full discussion of that side's case. Throughout the process the goal of the mediator is to assist the parties in negotiating a settlement. Often the mediator will provide to the parties a frank, honest opinion about the strengths and weaknesses of their case. Often an objective viewpoint assists parties in making good decisions about settlement.

The scheduling order entered in this case requires that not less than 21 days after the date for filing dispositive motions, counsel for the parties shall personally meet and attempt to reach settlement of the case. If counsel in good faith cannot reach settlement, counsel are also required to consider whether mediation will assist the parties in resolving this case. Within five days after this conference counsel are to notify the trial judge in writing whether they have settled the case and, if not, whether they believe mediation will assist the parties in resolving the case. Upon such notification, the trial judge may assign a mediator to schedule a mediation conference. However, a judge of this court may assign a mediator at any time.

Except in extraordinary circumstances the mediator will be a judicial officer. Under the existing internal operating understandings of this court, a nonjudicial mediator will not be assigned to a case without the knowledge and concurrence of the parties.

The court also encourages parties to consider settlement negotiations and mediation well before the time when a settlement conference is required. At any time while a case is pending, the parties may seek assistance in settling their dispute through mediation.

UNITED STATES DISTRICT COURT for the MIDDLE DISTRICT OF ALABAMA
■ ■ ■
### DELORES R. BOYD
### UNITED STATES MAGISTRATE JUDGE
### GUIDELINES FOR DISPOSITIVE MOTIONS

*1.*   ***Deadlines in Scheduling Order***

The Uniform Scheduling Order adopted for the Middle District of Alabama includes the following provision:

> Any dispositive motions, i.e., motions to dismiss or motions for summary judgment, shall be filed no later than **[NINETY (90) DAYS** prior to the pretrial hearing]. A brief and all supporting evidence shall be filed with any such motion. In all briefs filed by any party relating to the motion, the discussion of the evidence in the brief must be accompanied by a specific reference, by page and line, to where the evidence can be found in a supporting deposition or document. Failure to make such specific reference will result in the evidence not being considered by the court.

All dispositive motions must be filed on or before that deadline set in the scheduling order. Absent a showing of good cause, the deadline will not be extended. Upon consideration of the parties' discovery plan filed pursuant to Rule 26(f), Federal Rules of Civil Procedure, the Scheduling Order will provide ample time for discovery; thus, the court generally does not consider as "good cause" for extending the dispositive motion deadline either *failure to conduct needed discovery* [1] or counsel's *busy schedules*.

---

[1] The Rule 16 Scheduling Order does establish a dispositive motion deadline *before* the end of the period allowed for discovery for the following reason published in the *"Frequently Asked Questions"* section of this court's website

> Litigants before the Court are entitled to careful consideration of the issues by the Court. In order to give non-movants a reasonable time to respond and movants time to reply, final submission is approximately a month after the dispositive motion is filed. The Court must have sufficient time to fully and properly consider issues raised on a motion for summary judgment. The deadlines established in the Court's scheduling order insure achievement of these purposes. The judges try to resolve summary judgment motions in advance of pretrial hearings. Neither moving the summary judgment deadline to the cutoff of discovery nor cutting off discovery at the earlier summary judgment deadline would be appropriate. Any attorney viewing a case as one appropriate for summary judgment should schedule discovery to allow the deadline to be met.
>
> Setting the dispositive motion deadline prior to the end of discovery also recognizes the realities of litigation. Often factual issues which should be developed for trial are not necessary for resolution of summary judgment issues. If summary judgment is
>                                                                                 (continued...)

*2.   Briefing Schedules and Oral Arguments*

Unless warranted otherwise by a specific case, supporting and opposing briefs and evidentiary submissions will be submitted as follows:

- moving party:        simultaneously with the motion;
- opponent:            not later than 21 days thereafter;
- movant's reply:[2]   not later than 11 calendar days thereafter .

Oral argument will not be scheduled absent a party's request – to be filed not later than the deadline for the movant's reply – or the court's determination that argument is necessary or may be helpful.

*3.   Content and format for Briefs and Evidentiary Submissions*

   *a. Disputed and Undisputed Facts*

Briefs must contain a statement of facts which includes specific references to the record. To facilitate the court's necessary determination of whether there exists a genuine issue of material facts, the factual statement should distinguish – to the extent possible – disputed facts and undisputed facts, and the parties are encouraged to confer for any consensus possible on the uncontested material facts.

   *b. Evidentiary Appendix*

The evidence upon which the parties rely shall be organized in an indexed appendix which should also include the relevant text of any statutory or regulatory authority cited. Any discussion of evidence in a brief must include the specific reference (by page and line) to the deposition or other evidence included in the appendix or to a pertinent court order, pleading, or other filing.

December 21, 2004                 **/s/ Delores R. Boyd**
                                  UNITED STATES MAGISTRATE JUDGE

---

[1](...continued)
  denied, a discovery cut-off after the time for filing dispositive motions allows discovery to proceed without the necessity of a motion to reopen discovery. The court encourages lawyers to conduct discovery in a manner consistent with "just, speedy and inexpensive" procedures. *See* Fed. R. Civ. P. 1.

[2] The movant may not include in the reply brief any new evidentiary material without prior leave of court.