IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT FOR ALABAMA

| | | |
|---|---|---|
| C&J ASSOCIATES PEST CONTROL, et al., | ) ) ) ) | |
| Plaintiff(s), | ) | 2:05CV557-WHA-DRB |
| v. | ) ) | |
| RAYBURN HORNSBY, et al., | ) ) | |
| Defendant(s). | ) ) | |

### AFFIDAVIT OF ISAAC KERVIN

State of Alabama        )

County of Montgomery    )

Before me, the undersigned Notary Public, in and for said State and County, personally appeared Isaac Kervin, who after being duly sworn, deposed and said as follows:

"My name is Isaac Kervin and I am the Purchasing Agent for the State of Alabama as defined by Section 41-4-111. As Purchasing Agent, I am responsible for awarding public contracts pursuant to Chapter 16 of Title 41 of the Code of Alabama. Pat Antle is a subordinate employee under my supervision, but the ultimate decision as to which bidder is awarded a contract under the Alabama bidding law is mine.

**Alabama Department of Transportation
Termite Treatment**

On January 29, 2003, State Purchasing received Requisition Number 1264823 for termite treatment sought by the Alabama Department of Transportation (DOT). This requisition was assigned to Pat Antle, buyer. On February 24, 2003, Pat Antle drafted an



1

invitation to bid and sent it to DOT for approval prior to sending it to vendors for bidding. The bid number assigned was 03-X-2130153. On March 13, 2003, DOT approved the draft invitation to bid and the final invitation to bid was mailed to vendors on this date. On March 27, 2003, the bids were open publicly and tabulated by data entry. On March 28, 2003, the bid package for 03-X-2130153 was forwarded to DOT for evaluation and award recommendation. On April 21, 2003, DOT returned the bid package with an evaluation and award recommendation in writing as required. A copy of the agency's recommendation is attached as Exhibit "A". In this recommendation from DOT, Stan Carlton of DOT's procurement bureau rejected the low bid by C&J Associates because the bid did not meet specifications. Stan Carlton rejected the bid by C&J Associates because the Outpost system offered by C&J Associates was not the specified Sentricon system required in the bid, because the primary active ingredient listed in the Outpost system is listed by the EPA for environmental toxicity. The bid was also rejected because C&J Associates failed to provide documentation of the required damage protection warranty. On March 29, 2003, Pat Antle, the buyer, awarded the contract to the recommended vendor, Cook's Pest Control but, before mailing the contract to Cook's, Ms. Antle realized that the pricing had been bid incorrectly by Cook's as well as the remaining bidder, Terminix.

On May 19, 2003, Ms. Antle rebid the contract and changed the pricing structure to match industry standards for pricing of this commodity. At this time, DOT changed the specification to "Sentricon only" and added a specification requiring a "damage replacement guarantee". This bid was assigned the number of 03-X-2132146. On May 22, 2003, C&J Associates by and through Mr. Curtis Duncan sent a letter to Pat Antle of

2

the Finance Department asking State Purchasing to award contracts to his company for bids numbered 03-X-2130153, 03-X-2130174 and 03-X-2130175. This letter is attached as Exhibit "B". On or about May 30, 2003, I received a letter from Curtis Duncan of C&J Associates, a copy of which is attached as "Exhibit C", asking State Purchasing to accept other termiticides for DOT respecified bid number 03-X-2132146. Mr. Duncan requested that the Department of Finance discuss the equivalency of Outpost TBR and Sentricon with two experts at the Department of Agriculture, Dr. Block and Mr. Debreaux. Pursuant to Mr. Duncan's request, I telephoned Joe Debreaux at (334) 242-7233 of the Department of Agriculture who informed me that Outpost and Sentricon have separate chemical structures. I also telephoned Dr. John Block at (334) 240-7239 who advised me that in his opinion the Outpost product is better for private home use and Sentricon is better for commercial use.

On June 1, 2003, Pat Antle and I had a conference call with Mr. Walt Weinwurm, a representative of Bayer ES, manufacturer of Outpost TBR. He informed us that he had discussed this bid with Mr. Duncan and he had advised Mr. Duncan to withdraw his bid because Outpost is not an equivalent to Sentricon. At this point, Ms. Antle and I decided that we would only accept Sentricon as originally bid.

On June 4, 2003, Mr. Duncan sent a protest letter to State Purchasing, a copy of which is attached as Exhibit "D". Later that day, Ms. Antle and I met with Mr. Lee Miller, Chief Legal Counsel for the Department of Finance to discuss Mr. Duncan's protest. Mr. Miller advised that the State was adhering to State Purchasing Laws as required in asking for Sentricon as the only acceptable product because the agency had successfully justified the use of Sentricon as the only viable product for their application,

and there were multiple vendors who can offer this product, thus meeting the competitive bid laws.

On June 5, 2003, bid number 03-X-2132146 was opened publicly. C&J Associates submitted a "NO BID", a copy of which is attached as Exhibit "E". On June 6, 2003, the bid package was sent to DOT for evaluation and recommendation. On June 11, 2003, the bid package was returned by DOT with an evaluation and recommendation in writing as required. It was recommended that the contract be awarded to Terminix of Huntsville, the low bidder. On June 12, 2003, the contract for DOT, bid number 03-X-2132146, was awarded to Terminix.

On June 13, 2003, I answered the protest of Mr. Curtis Duncan of C&J Associates and a copy of that answer is attached as Exhibit "F".

In no way was race a factor in determining to whom the bid was awarded. The specifications were set out by DOT and the Alabama Bid Laws were followed.

### Alabama Department of Corrections – Limestone Facility
### Termite Treatment

On February 20, 2003, State Purchasing initialized Requisition Number 1268367 for termite treatment at the Alabama Department of Corrections – Limestone Facility (DOC). State Purchasing attached the Requisition to Solicitation Number 03-X-2130174. On March 13, 2003, the Solicitation was set for final draft. On March 14, 2003, invitations to bid were sent to the State Mailroom for mailing to registered vendors. On March 27, 2003, invitations to bid were opened publicly and tabulated. On March 28, 2003, bids for 03-X-2130174 were forwarded to DOC for evaluation and award recommendation. On April 15, 2003, DOC returned bid package to State Purchasing

4

with award recommendation. A copy of the agency's recommendation is attached as Exhibit "G".

On April 17, 2003, a contract was award to the low bidder, C&J Associates, as recommended by the DOC. During this timeframe Stan Carlton, of the Alabama Department of Transportation (DOT), called and informed me that C&J Associates, low bidder on DOT termite treatment bid number 03-X-2130153, did not meet the specifications for that bid. Since the DOT bid contained the same specifications as the DOC bid, I felt I could not officially award that contract until DOT returned their bid package with written justification that showed C&J Associates' product did not meet the bid specifications. On April 21, 2003, DOT sent their bid package, 03-X-2130153, to State Purchasing with documentation showing C&J Associates' product bid did not meet the specifications of their bid, which were the same as the specifications bid for the DOC contract.

On April 25, 2003, Pat Antle, the buyer, sent bid package 03-X-2130174 back to DOC to re-evaluate the bid package, since the bid specifications were identical to those of the DOT. A copy of the letter is attached as Exhibit "H". On May 22, 2003, DOC sent the bid package back to State Purchasing with a letter of award recommendation. A copy of the letter is attached as Exhibit "I". On May 22, 2003, I received a letter from C&J Associates by and through Mr. Curtis Duncan asking State Purchasing to award contracts to his company for bids numbered 03-X-2130153, 03-X-2130174 and 03-X-2130175. This letter is attached as Exhibit "B". On or about May 30, 2003, I received a letter from Curtis Duncan of C&J Associates, a copy of which is attached as "Exhibit C", requesting State Purchasing discuss the equivalency of Outpost and Sentricon with two

5

experts at the Alabama Department of Agriculture, Dr. Block and Mr. Debreaux. I subsequently telephoned Joe Debreaux of the Department of Agriculture, at (334) 242-7233, who informed me that Outpost and Sentricon have separate chemical structures. I also telephoned Dr. Block at (334) 240-7239 who advised me that in his opinion the Outpost product is better for private home use while Sentricon is better for commercial use.

On June 1, 2003, Pat Antle and I had a conference call with Mr. Walt Weinwurm, a representative of Bayer ES, manufacture of Outpost TBR, the product bid by C&J Associates. Mr. Weinwurm informed us that he had discussed the bid with Mr. Duncan and had advised Mr. Duncan to withdraw his bid as Outpost is not equivalent to Sentricon. At this point, Ms. Antle and I decided we would only accept Sentricon as originally bid. On June 4, 2003, Mr. Duncan sent a bid protest letter to State Purchasing, a copy of which is attached as Exhibit "D". On June 11, 2003, a contract was awarded to the next low bidder meeting all specifications, Cook's Pest Control of Madison, Alabama. On June 13, 2003, I answered Mr. Duncan's protest letter, a copy of which is attached as Exhibit "F".

### Other Contracts

Attached as Exhibit "J" is a "print screen" showing C&J Associates' bid activity. The MRC codes are as follows: 03 – no response; 61 – no bid; 01 – bid received.

Attached as Exhibit "K" are "print screens" concerning contracts for pest control awarded for C&J Associates. The commodity number that ends in the digits "49" means that the contact is for termites. The commodity number that ends in the digits "23" means that it is a monthly pest control contract. As can be seen in Exhibit "K" since the

beginning of the fiscal year that began on October 1, 2001, C&J Associates has received seven contracts for termite or pest control.

Exhibit "L" shows that the plaintiff had pest control contract with the Department of Public Safety from contract dates March 4, 2002 through September 30, 2005 and for an unknown reason it appears C&J Associates has not serviced the contract or billed the State for the contract.

I have attached as Exhibit "G" miscellaneous documents that I considered in reviewing the relative efficiency of Outpost and Sentricon

In no way was race a factor in determining to whom the bid was awarded. The specifications were set out by DOT and the Alabama Competitive Bid Laws were followed as required."

_____
Isaac Kervin

Sworn to and subscribed before me on the 3rd day of August, 2005.

_____
Notary Public
My Commission Expires: