2005 OCT 12 P 1: IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| C&J Associates Pest Control ) | |
| ) | |
| CURTIS DUNCAN ) | |
| ) | CA: 2:05cv557-A |
| Plaintiff, ) | ~~CV-05-0557-A~~ |
| ) | |
| vs. ) | |
| ) | |
| RAYBURN HORNSBY et. al., ) | |
| ) | |
| Defendants, ) | |

\* \* \* \* \* \* \* \* \* \* \* \*

**AFFIDAVIT-SUPPORTING PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' FRADULENT MOTION FOR SUMMARY JUDGMENT AND CROSS-MOTION TO STRIKE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND AFFIDAVITS AND CROSS-MOTION PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AND CROSS-MOTION FOR DISCOVERY**

Comes now Plaintiff Curtis Duncan, C&J Associates Pest Control, being first duly sworn, deposes and says:

I, Curtis Duncan, am the plaintiff in the above-entitled action.

This lawsuit is brought on behalf of Curtis Duncan d.b.a. as C&J Associates Pest Control. Since the plaintiff is responding to Defendants' Motion for Summary Judgment and Affidavits, all allegations within his Complaint and Affidavit must be taken as true. At this early stage, the plaintiff has more than sufficiently demonstrated that his claims under the 14th Amendment to the United States Constitution must survive, and the lawsuit must continue into the discovery phase. Defendants' Motion for Summary Judgment under Federal Rule 56(c) is fraudulent and is merit less. In response to

Defendants' motion and the Court's order, the Plaintiff states that the Defendants' motion is a sham, pretense and false on its face as well as in it content. Defendants Isaac Kervin, Pat Antle and their Attorney Jeffrey Long have intentionally, knowingly and willfully submitted to the Court a fraudulent Motion for Summary Judgment, to falsely and deceptively influence the Court of the true nature and basic issues of this case. Defendants Isaac Kervin, Pat Antle and their Attorney Jeffery Long know that they do not have a legitimate defense for their improper actions during the bidding process of Solicitations 2130153 Transportation and 21330174 Corrections.

## SUMMARY OF UNDISPUTED FACTS

This case is about how Isaac Kervin, Pat Antle of State Purchasing, Rayburn Hornsby, Johnny Harris and Stan Carlton of State Transportation in their individual capacity intentionally went beyond the scope of their official and ministerial duties under the color of State Law to try and award Solicitations 2130153 and 2130174 to preferred white vendors Cook Pest Control and Terminix Pest Control. Because of their impermissible preference for these white vendors, the Defendants collectively discriminated against C&J because of his race. The Defendants collectively violated C&J Constitutional, Civil Rights and the Competitive Bid Law by committing fraud and participating in a conspiracy to deprive C&J of it equal protection rights to be free from racial discrimination during the competitive bidding process.

Officials sued in their individual capacity are liable for monetary damages when operating beyond the scope of their duties, also when an official in their individual capacity violates someone Constitutional Rights. For the record C&J is not suing the defendants in their official capacity for monetary damages, because the Defendants were not following the Competitive Bid law, official policies or procedure. The Defendants has submitted a fraudulently motion for Summary Judgment and Affidavits on the grounds that 1. There is no dispute as to material fact. 2. Defendants are entitled to a summary judgment as a matter of law. 3. Defendants are entitled to summary judgment

because the Plaintiff has failed to provide substantial evidence to support his claims. The Defendants and their Attorney has fraudulently raised affirmatives defenses that 1. Defendants are entitled to Statute of Limitations. 2. Defendants are entitled to Qualified Immunity. 3. That Plaintiff lacks standing as a non-bidder to consent the awarding of contracts on which he had not bid. 4. Defendants plead advice of attorney. As aforementioned, the defendants waived their qualified immunities when they intentional went beyond the scope of their ministerial duties. This court can decide this lawsuit on the direct evidence presented and by the prima facial evidence that can only be found through discovery process. At this point must the Plaintiff has presented more than sufficient evidence in his claim that the Defendants have intentionally violated his Constitutional and Civil Rights by going beyond the scope of their duties and failing to perform their ministerial duties in their individual capacity. Defendants through their Attorney Jeffery Long have been spraying the record in their response to Plaintiff complaint with fraudulent filing of material facts, contradictory statements, case law etc., which has no remote essence to issues of Plaintiff complaint. Defendants are intentional avoiding the true issues of this case, to fraudulently suppress the truth and deter Plaintiff from proving his case. These types of fraudulent responses are simply intended to stall and run up Plaintiff cost in his pursuit of litigating his case; also, Defendants tactics has the same effects on the judicial system efficiency. It now time for the Judge to make a ruling as a matter of law that Plaintiff have written a valid complaint against the defendants, that the Defendants went beyond the scope of their duties and failed to perform their ministerial duties in their official capacity, and that the Defendants actually violated Plaintiff Constitutional and Civil Rights in their individual capacity.

## SUMMARY JUDGMENT STANDARD AND ARGUMENT

On a motion for summary judgment, the court is to construe the evidence and factual inferences arising from it in the light most favorable to the nonmoving party. Adickes v.

S.H. Kress & Co., 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970). Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgments is appropriate " if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S 317, 322, 106, S.Ct. 2548, 91 L.Ed.2d 265 (1986). The party asking for summary judgment " always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of material fact, " Id. at 323, 106 S.Ct. 2548. The movant can meet this burden by presenting evidence showing there is no dispute of material facts, or by showing that the non-moving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. Id. at 322-23, 106 S.Ct. 2548. Once the moving party has met its burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by his own affidavits, or by the 'depositions, answers to interrogatives, and admissions on file, 'designate 'specific facts showing that there is a genuine issue for trial.' "Id. at 324, 106 S.Ct. 2548. A court ruling on a motion for summary judgment must believe the evidence of the non-movant and must draw all justifiable inferences from the evidence in the non-moving party's favor. Anderson v. Liberty Lobby, Inc., U.S. 242, 2555, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Summary judgment is improper "if the dispute about a material fact is 'genuine' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. at 248, 106 S. Ct. at 2510. See Barfield v. Brierton, 883 F. 2d 923,933 (11th Cir. 1989).

An opposing party is also entitled to proffer a 56(f) affidavit. While it is clear that a summary judgment may be rendered solely on the basis of affidavits, affidavits are, as a general proposition, the least trustworthy basis, because the affiant has not has not been

subject to cross-examination and the affiant's demeanor is not observable. See Long v. Bureau of Economic Analysis, 646 F. 2d 1310, 1321 (9th Cir. 1981). Claims or issues that are distinctly fact-bound in nature are easier as a practical matter for the party resisting summary judgment to present a genuine issue of material fact. For example, the motivation of the defendant in performing certain admitted acts is an issue on which the plaintiff can raise a genuine issue of material fact concerning defendant improper actions. Summary Judgment is not well suited for cases in which motive and intent are at issue particularly when one party is in control of the proof. See Perry v. McGinnis, 209 F.3d 597,600 (6th Cir. 2000). Whether defendants acted knowingly, willfully, or negligently concerns state of mind, and therefore presents jury triable issue generally inappropriate for summary judgment. See Thibodeaux v. Rupers, 196 F. Supp. 2d 585, 592 (S.D. Ohio 2001). The plaintiff may also raise a genuine issue as to defendant's motivation by producing evidence, including circumstantial evidence, from which the required motivation can be inferred. Summary judgment for defendant improper in libel action when plaintiff produced evidence that would allow a jury to determine that the defendant had deliberately and recklessly changed alleged quotations from the plaintiff, a finding that would constitute the requisite actual malice. See Mason v. New Yorker Magazine, Inc., 501 U.S. 496, 525, 111 S.Ct 2419, 115 L. Ed. 2d 447 (1991).

"A motion to dismiss for failure to state a claim upon which relief can be granted is generally viewed with disfavor and rarely granted." Doe v. United States Dept. of Justice, 753 F.2d 1092, 1102 (D.C.Cir. 1985), citing 2A Moore's Federal Practice 12.08 (2d ed. 1948 & Supp. 1984). For the purposes of such a motion, the facts alleged in the complaint must be accepted as true and *all* factual inferences, ambiguities or doubts concerning the sufficiency of a claim are to be drawn in the plaintiff's favor. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1979); Doe, 753 F.2d at 1102. See Fed.R.Civ.P. 12(b); Andreu v. Sapp, 919 F.2d637, 639 (11th Cir. 1990).

A motion to dismiss under Rule 12(b)(6) should be granted only if it appears beyond

doubt that "no relief could be granted under any set of facts that could be proved consistent with the allegations." H.J., Inc. v. Northwestern Bell Tel. Co., 492 U.S. 229, 249-50 (1989). The issue on a motion to dismiss "is not whether . . . plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer, 416 U.S. at 236.

Where sufficient facts are alleged in the complaint so that the court is satisfied that the complaint is not frivolous and that the defendants have been provided with adequate notice so that they can answer the complaint, then the complaint will be deemed sufficient and will be sustained. Frazier v. Southeastern Pennsylvania Transportation Authority, 785 F.2d 65 (3d Cir.1985)

Inevitably, the sufficiency of a complaint must be determined on a case-by-case basis. The factors discussed in prior decisions are helpful to a court making such an evaluation, but they must be considered in light of the purposes of the specificity rule. Thus, the crucial questions are whether sufficient facts are pleaded to determine that the complaint is not frivolous, and to provide defendants with adequate notice to frame an answer. At the same time, however, a court cannot expect a complaint to provide proof of plaintiffs' claims, nor a proffer of all available evidence. In civil rights cases much of the evidence can be developed only through discovery. While plaintiffs may be expected to know the injuries they allegedly have suffered, it is not reasonable to expect them to be familiar at the complaint stage with the full range of the defendants' practices under challenge. 785 F.2d at 68. As Plaintiffs' complaint provides sufficient information to entitle him to offer evidence, and the defendants have not satisfactorily demonstrated that no facts exist that could support the defendants' claims, the defendants' Motion must be denied.

The Supreme Court has held that the test for intentional discrimination in suits under 1981 and 1983 are the same as the formulation used in Title VII discriminatory treatment causes. See Brown v. American Honda Motor Co., 939F.2d946 (11th Cir.1991). Under this test, the initial burden rests with plaintiffs to demonstrate by the preponderance of the

evidence a prima facie case of discrimination. Burdine at 252-53, 101 S.Ct.1089. This burden can be met by simply demonstrating that the plaintiff is a member of a minority group, that he met the requirements for the contract that he was not given the contract and the contract was eventually given to an individual who is not a member of a protected class. If the plaintiffs establish a prima facie case then, then burden shifts, to the defendants to proffer a legitimate, non-discriminatory reason for the action. McDonnell Douglas Corp. v. Green, 411 U.S.792, 802(1973). If the defendants carry the burden, the plaintiffs then have opportunity to by preponderance of the evidence that the legitimate reasons offered by the defendants were merely pretext for discrimination. Id. At 804, 93S.Ct. 1817.

In Ex parte Cranman, 792 So. 2d 392 Ala. 2000, the Supreme Court of Alabama suggested a new test for determining when a State employee sued in his or her individual capacity is entitled to State-agent immunity. A State agent shall not immune from civil liability in his or her personal capacity when (1) when the Constitution or laws of the United States, or the Constitution of this State, or laws, rules, or regulations of this State enacted or promulgated for the purpose of regulating the activities of a governmental agency require otherwise; or (2) when the State agent acts willfully, maliciously, fraudulently, in bad faith, beyond his or her authority, or under a mistaken interpretation of the law. 792 So. 2d at 405. A majority of this Court Adopted the Cranman test in Ex parte Butts, 775 So. 2d 173 (Ala. 2000). The Cranman test is also accepted by 11th Circuit Court of Appeals.

In deciding whether a Public official is entitled to qualified immunity in a 1981, 1983, 1985, 1986 action, the Court employs the following two-step analysis: (1) The defendant public official must prove that he or she was acting within the scope of his discretionary authority when the allegedly wrongful acts occurred. (2) Once the defendant public official satisfies his burden of moving forward with the evidence, the burden shifts to the plaintiff to show lack of good faith on the defendant's part. This burden is met by proof

demonstrating that the defendant public official's actions 'violated clearly established constitutional law.' Roden v. Wright 646 So. 2d 605 at 610 Ala. 1994, quoting Rich v. Dollar, 841 F.2d 1558, 1563-64 11th Cir. 1988. In Point Properties Inc. v. Anderson, 584 So. 2d 1332 at 1338-39 Ala. 1991, the Court, quoting Stewart v. Baldwin County Board of Education, 908 F. 2d 1499, 1503 11th Cir. 1990 explained that "the relevant question on the defense of qualified immunity is whether a reasonable official could have believed his or her actions were lawful in light of clearly established law and the information possessed by the official at the time the conduct occurred." The Court went on to note that "qualified immunity defense provides ample protection to all except the plainly incompetent or those who knowingly violate the law." 584 So. 2d at 1339, quoting Stewart, supra. Couch v. City of Sheffield, 708 So. 2d 144, 155 Ala. 1988. See also Smith v. Siegelman, 322 F. 3d 1290 11th Cir. 2003.

Plaintiff submits the case of Belcher v. Jefferson County Board of Education 474 So.2d 1063 and Barbara Hafer v. James C. Melo, Jr. 112 S. Ct. 358 as a rebuttal to Defendants position that state officials have sovereign immunity and automatic qualified immunity to all suits filed against them.

Plaintiff submits Barbara Hafer v. James C. Melo, Jr. 112 S. Ct.358, James Robb v. City of Philadelphia 733 F.2nd 286 as a rebuttal to Defendants position on public officials and private parties involvement in a conspiracy to deprive others of constitutional rights are acting under the color of state law, and public officials being sued in their official and individual capacities.

Plaintiff submits Richard Abston v. Thomas B. Woodard 398 So.2d 237, James Robb v. City of Philadelphia 733 F.2nd 286, Board of County Commissioners, Wabaunsee County, Kansas, Petitioner, v. Keen A. Umbehr as a rebuttal to the Defendants position on the First Amendment on how it applies to this case concerning independent contractors constitutional rights in government contracting as compared to employees rights. Defendants have listed several have cases that does not address the constitutional

rights raised in my complaint. My constitutional rights claims are based on the 14th Amendment equal protection clause and First Amendment freedom of speech. Defendants are intentional spraying the record with erroneous case law that does not address Defendants depriving the Plaintiff of his constitutional rights of equal protection and freedom of speech.

. The Court issued a second Scheduling Order before we meet on September 6, 2005. During our brief meeting, Mr. Long and Mr. Lyles refused to comply with the Court order and Rule 26(f) "to consider the nature and basis of their claims and defenses and the possibilities for prompt settlement or resolution of the case." At the September 6, 2005 meeting in Mr. Lyle's office, Plaintiff specifically questioned Mr. Long on the validity of his client's affidavits of Mr. Kervin and Mrs. Antle and their Motion for Summary Judgment. I informed Mr. Long that their affidavits and Motion for Summary Judgment contradicted the language of the Bid Solicitation 03-X-2130153 for which I have filed my lawsuit. See Copy of Bid Solicitation 03-X-2130153 (Exhibit 1). I then proceeded to show Mr. Long and Mr. Lyles' specific claims from my lawsuit, which correlated with the language of the Bid Solicitation 03-X-2130153 and how Mr. Kervin and Mrs. Antle affidavits contradicted the language of a Bid Solicitation 03-X-2130153 written by them and the facts of case. See Copy of Affidavit of Isaac Kervin (Exhibit 2).

First example, on page 2, fifth sentence of the affidavit, Mr. Kervin states that Mr. Stan Carlton rejected the bid by C&J Associates because the Outpost system offered by C&J Associates was not the specified Sentricon system required in the bid. This statement is factual false on it face and as well as in it content because on page 8 of the

Bid Solicitation 03-X-2130153 third paragraph, third sentence states any equivalent product aimed at colony elimination.

Second example, on page 2, fifth sentence of the affidavit, Mr. Kervin states that Mr. Stan Carlton rejected the bid by C&J Associates because the Outpost system offered by C&J Associates. . . . because the primary active ingredient listed in the Outpost system is listed by the EPA for environmental toxicity. The second part of the sentence is factually false on it face as well as in it content because the labels for Sentricon and Outpost reads the same concerning the EPA listing for both products concerning environmental toxicity. See Copy of Labels for Sentricon (Exhibit 3) and Outpost (Exhibit 4).

Third example, on page 2, sixth sentence of the affidavit states that the bid was also rejected because C&J Associates failed to provide documentation of the required damage protection warranty. This statement is factually false on it face as well as in it content because no where in the Bid Solicitation 03-X-2130153 does it mention that the damage protection warranty was required to be submitted with the bid. In addition, at no time during the evaluation of the bid, did personnel request C&J to submit a warranty.

Fourth example, on page 2 of the affidavit first paragraph, the first three sentences states that on May 19, 2003, Ms. Antle re-bid the contract and changed the pricing structure to match industry standards for pricing of this commodity. At this time, DOT changed the specification to "Sentricon Only" and added a specification requiring a "damage replacement guarantee". This bid was assigned the number of 03-X-2132146. These three sentences directly contradict material facts of Mr. Kervin earlier statements in his affidavit. These three sentences specifically contradicts the aforementioned First example on page 2, fifth sentence of the affidavit and third example on page 2, sixth

sentence of the affidavit.    Mr. Long stated, "I told them to look over everything carefully before making a sworn statement". Plaintiff then asked Mr. Long how could your clients make sworn statements that contradict material facts, in this case, the very bid solicitation they wrote. Mr. Long then sat back in his chair and said, "that's why they hired me". Plaintiff then questioned Mr. Long why he did not submit a copy of Bid Solicitation 03-X-2130153 with his Motion for Summary Judgment, Mr. Long stated " it is your responsibility to turn in a copy of Bid Solicitation 03-X-2130153". Plaintiff then asked Mr. Long what was the purpose of Judge Boyd issuing a court order for parties to discuss the nature and basis of their claims and defenses and the possibilities for prompt settlement. Mr. Long laughed and said, "my clients would kill if we talked about settlement". Mr. Lyles remained virtually quiet and had very few, if any, comments during this meeting. Plaintiff then stated to Mr. Long and Mr. Lyles this meeting is a waste of taxpayers' money, the Court's time and Plaintiff time because Mr. Long and Mr. Lyles were not really participating in the meeting. Mr. Long and Mr. Lyles have a ministerial duty to make reasonable inquiry into factual basis concerning this suit; they cannot merely rely on their clients' statements, without conducting any independent factual investigation; such an investigation would have quickly revealed the lack of merit of their defense. See Worldwide Primates, Inc. v. McGreal, 87 F.3d 1252 (11th Cir. 1996). See Childs v. State Farm Mut. Auto. Ins. Co., 29 F.3d 1018 (5th cir. 1994). See Christian v. Mattel, Inc., 286 F.3d 1118, 1128-1129 (9th cir .2002). Retired Chicago Police Ass'n v. Firemen's Annuity & Benefit Fund, 145 F. 3d 929, 934-935 (7th Cir. 1998). See Fonar Corp. v. Magnetic Resonance Plus, Inc., 114 3d 355, 358-359 (2d. Cir.

1997). See McLeod, Alexander, Powell & Apffel, P.C. v. Quarles, 894 F. 2d 1482 (5th Cir. 1990).

It is apparent that Mr. Long and Mr. Lyles are conspiring with their clients by continuing to assist them in submitting fraudulently documents and statements to the Court, to induce the Court to make rulings on false information and statements. During the scheduling conference meeting on September 8, 2005 Judge Boyd questioned Mr. Long why was the completion for discovery date of June 15, 2006 set so late. Mr. Long deceptively told Judge Boyd that he set that date for Plaintiff benefit. The Court record will show that Plaintiff corrected Mr. Long, because Plaintiff actually had recommended November 18, 2005 in Parties Planning Meeting on September 6, 2005.

The matter referred to above is fraudulent, criminal, scurrilous and a sham and offensive to affiant and to the Court. Mr. Long and Mr. Lyles have fraudulently induced the Court to make an order based on false information, and should be stricken by the Court. Mr. Long and Mr. Lyles' egregious conduct must be sanctioned by the Court in accordance with Rule 11, 16, 37, 56 of the Federal Rules of Civil Procedures. Plaintiff experienced the same type of egregious behavior from the Defendants during the entire bid process.

Defendants thorough their Attorney falsely states that the Statute of Limitations expired on January 5, 2003. Isaac Kervin states in his affidavit that he did not answer my protest letter until June 12, 2003. Plaintiff filed his lawsuit on June 10, 2005, which is well within the two-year limitations statute. Under Federal Law, accrual occurs the moment the Plaintiff knows or has reason to know of the injury that is the basis of his complaint. It is undisputed fact that Plaintiff did not allege racial discrimination in his

protest letter, because Plaintiff had no knowledge of the Defendants true motives or biases at this time. It is undisputed facts that Isaac Kervin, Pat Antle intentionally, knowingly and willfully did not response to Plaintiff letter until June 12, 2005. The Defendants had a ministerial duty to answer all protest in a timing matter. It is undisputed facts that because of the Defendants improper behavior the Plaintiff did not have the opportunity to rebut the false, deceptive etc. statements made by John Bloch, Joe Debrow of the Pesticide Division and by Mr. Walt Weinwurm a sale representative for Bayer. In addition, the Defendants had a ministerial duty to answer in writing why the apparent low bidder was not awarded the contract. The Competitive Bid Law reads as follows "if the award is not made to the low apparent bidder, then the reasons must be stated why the award was not made to the low apparent bidder and these records must be open to public inspection." It is undisputed facts that Plaintiff was never put on notice by the Defendants why they were rejecting his bid, before resoliciting the termite bid on June 6, 2003. Defendants falsely states that Plaintiff failed to bid on it illegal re-bid, when it is undisputed fact that the Defendants had failed to perform their ministerial duty of addressing the Plaintiff protest in a timely matter. It is undisputed fact that Plaintiff had submitted a protest. (See Exhibit 5) Defendants have fraudulently not submitted the Court the true criteria gathered by Rayburn Hornsby to fraudulently reject Plaintiff bid. (See Exhibit 6) Defendants falsely state that Plaintiff had not performed services for Public Safety when in fact Plaintiff has successfully performed this contract for nine consecutive years.

 Generally, a civil rights cause of action accrues when the plaintiff knew or should have known of the injury. Under federal law, accrual occurs" 'the moment the plaintiff

knows or has reason to know of the injury that is the basis of the complaint.'" See Snows v. Morgan 40 F.Supp.2d 1345 (M.D. Ala. 1999) (Thompson, J.) Beasley v. Alabama State Univ., 966 F. Supp. 117, 1128 (M.D. Ala. 1997) (Thompson, J.). (Helton v. Clements, 832 F. 2d 332 335 (5th Cir.1987)). Action accrued when plaintiffs were denied right to vote on election day, not on earlier date when they were notified that their voter registration form was incomplete. Lawson v. Shelby County, Tennessee 211 F. 3d 331, 2000 Fed. App. 01555. The Supreme Court has held that a cause of action accrues at the time the plaintiff has notice of the discriminatory act for civil rights cases in the employment context. See State College v. Ricks, 449 U.S. 250, 101 S. Ct. 498, 66 L. Ed.2d 431 (1980) (denial of tenure case filed under Title VII of the Civil Rights Acts of 1964 and 42 U.S.C. 1981 accrued on the date tenure was denied. (Janikowski v. Bendix Corp., 823 F.2d 945, 947-48(6th Cir.1987) Age Discrimination in Employment Act action accrued on date employee was notified of pending termination. (Citing Chardon v. Fernandez, 454 U.S. 6, 102 S. Ct. 28, 70 L.Ed. 2d 6 (1981)). The Supreme Court has held that for the purposes of computing the statute of limitations period, the proper focus is on the time the plaintiff was put on notice of defendants discriminatory act. This notice-based test to determine when a cause of action has accrued has also been applied in a variety of other civil rights actions. See Watts v. Graves, 720 F.2d 1416 (5th Cir. 1983) (per curiam) (42 U.S.C. 1983 civil rights action against local police alleging violation of Fourth Amendment rights based on warrant less search); Eagleston v. Guido, 41 F.3d 865(2d. Cir. 1994) (42 U.S.C. 1983 civil rights action against police alleging equal protection violation in police arrest policies relating to domestic violence complaints).

   Plaintiff has many more cases to rebuff the various positions taken by the Defendants in this case. None of the defensive positions taken by the Defendants so far have any merit or substance to the complaint filed by Plaintiff, because their legal position is based

on fraud.

## I. PLAINTIFFS' ALLEGATIONS –EQUAL PROTECTION UNDER THE 14TH AMENDMENT

Under the equal protection clause of the fourteenth amendment, no State shall . . .deny to any person within its jurisdiction the equal protection of the laws. U.S. Const. amend. XIV 1. The central purpose of the equal protection clause…is the prevention of official conduct discriminating on the basis of race. Washington v. Davis, 426 U.S. 229, 239, 96 S.Ct. 2040, 2047, 48 L.Ed.2d 597 (1976). Plaintiff have successfully pleaded in his complaint that defendants acting under the color of law purposely discriminated against him by impairing his ability to make a contract with the State of Alabama concerning Solicitations 2130153 and 2130174. See Harris v. Conridi, 675 F.2d 1212, 1217 (11th Cir. 1982). The equal protection clause differs from the procedural aspect of the due-process clause in both the type of right protected and the matter in which an individual may be deprived of that right. Under the due-process clause, a state actor may deprive an individual of constitutionally protected liberty and property rights only after a meaning hearing. See Fuentes, 407 U.S. at 80, 92 S.Ct. at 1994. Under the equal-protection clause, a state actor may deprive an individual of a legally protected right only if the actor's decision is taken for constitutionally permissible reasons. Thus, unlike a procedural due process claim, an equal-protection claim may assert injury to, not only Plaintiffs' interest in continued contracting, but also the terms and conditions of that contracting, and his prospects for future contracting. See Whiting v. Jackson State University, 616 F.2d 116, 122 (5th Cir. 1980). The Constitution protects Plaintiff right to be free from purposeful, race-based discrimination on the part of any prospective contracting agency. See Burns v. Gadsden State Community College, 908 F.2d 1512, 1517-1518 (11th Cir.1990). This right was clearly established at the time of the events in question. See Busby, 931 F.2d at 775-776. It is clearly established that the equal protection clause affords … a right to be free from racial discrimination. The defendants

therefore can not make a claim of qualified immunity to plaintiff 1981, 1983, 1985, 1986 claim predicated upon equal protection. In Bonner v. city of Prichard, 661 F.2d (11th Cir.1981) the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981. Id. at 1209.

    Plaintiff alleged violations are self-evident on the face of his complaint. See Rich v. Dollar, 841 F.2d at 1564. The Eleventh Circuit imposes a heightened pleading requirement on plaintiff when confronted with a motion to dismiss. The heightened pleading standard requires a complaint to provide some factual detail … especially in order to see that the allegedly violated right was clearly established when the allegedly wrongful acts occurred. GJR Investments, Inc. v. county of Escambia, 132 F.3[rd] 1359, 1367 (11th Cir. 1998). Oladeinde v. City of Birmingham, 963 F.2d 1481, 1485 (11th Cir. 1992). However in Helton v. Hawkins, 12 F. Supp.2d 1276, 1280-1281 (M.D. Ala. 1998) (Thompson, J.), it is unclear whether the Eleventh Circuit 1983 pleading standard is still constitutional. The Supreme Court has indicated that the role of the courts is not to fashion heightened requirements. See1358 Crawford- El v. Britton, 523 U.S. 574, ----,. Nonetheless, even under the heightened pleading requirement, Plaintiff complaint and affidavit is unusually detailed, setting forth with specificity, facts alleging violations of clearly constitutional right against racial discrimination.

    This permits the plaintiff to defeat the defendant's motion for Summary Judgment. The plaintiff has clearly asserted the stigmatizing facts in his complaint and affidavit. For the purpose of this motion, the Court must accept these allegations as true. Thus, the fraudulent conclusory assertions of the defendants have absolutely no weight.

    First, again, these are all factual issues that are totally inappropriate to resolve the Defendants initial motion for Summary Judgment, especially before any discovery has taken place or a hearing concerning the fraudulent actions of the Defendants is scheduled before the district court. Therefore, the defendant's conclusory factual beliefs are

meaningless.

Second, the defendants casually argue the entire lawsuit should be dismissed virtually without addressing the specific situations of any of the claims stated in the complaint.

In any event, the allegations set forth by the plaintiffs are sufficient to defeat the Defendant's motion for Summary Judgment at this early stage.

### 2. This Court Has Other Remedies To Chose From In Resolving The Due Process And Equal Protection Clause Violations

A name clearing hearing is but just one available remedy for a due process violation. There are several others remedies that can and should be awarded because of the defendants' infringement of the plaintiffs' constitutional rights.

## II.  THE PLAINTIFF HAVE ADEQUATELY SET FORTH CLAIMS UNDER THE 14TH AMENDMENT

Jurisdiction is proper under the federal-question statute, 28 U.S.C. § 1331, Civil Rights Violation under 1343 (3) (4) for 42 U.S.C. 1981, 1983, 1985, 1986, 1991, and the declaratory-judgment statute, 28 U.S.C. §2201 et seq, both of which have been asserted by the plaintiff to challenge the defendants' decisions. A court may:

> (2) hold unlawful and set aside agency action, findings, and conclusions found to be --
> (A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;
> (B) contrary to constitutional right, power, privilege, or immunity;
> (C) in excess of statutory jurisdiction, authority, or limitations, or short of statutory right;
> (D) without observance of procedure required by law ...
> (F) unwarranted by the facts to the extent that the facts are subject to trial by the court.

"Courts, of course, have long required agencies to abide by internal, procedural regulations concerning the dismissal of employees even when those regulations provide more protection than the Constitution or relevant civil service laws." Doe, 753 F.2d at 1098. The plaintiff has submitted in his Complaint and affidavit, detailing the unprofessional and unlawful behavior of the defendants.

In order to escape proper judicial review of their actions the defendants seek to have plaintiff lawsuit dismissed in bad faith, by filing for a fraudulent Summary Judgment. Even without discovery, the plaintiff has sufficiently demonstrated that the defendants have engaged inappropriate activities against plaintiff. The plaintiff has amply demonstrated that the defendants are not entitled to dismissal on plaintiff claim at this stage, and that discovery is appropriately warranted.

### III. THE PLAINTIFF IS ENTITLED TO DISCOVERY

As the plaintiff has sufficiently demonstrated that the Defendants' Motion for Summary Judgment should be denied, this Court should permit them the opportunity to immediately commence discovery. Courts addressing the type of case set forth herein permit plaintiff to commence discovery as a routine matter. See e.g., O'Donnell, 148 F.3d at 1139; Orange, 59 F.3d at 1275; Kartseva, 37 F.3d at 1530. Furthermore, because most of the evidence relating to the plaintiff' claims are "likely to be exclusively in the possession of the government, it would seem appropriate to accord [plaintiff] the discovery necessary to this issue." Britt v. Naval Investigative Service, 886 F.2d 544, 551 (3d Cir. 1989).

In its most basic form this lawsuit involves a constitutional challenge under the 14th Amendment and an attack upon the conduct of Jefferson County Board Education employees and Knox Pest Control. These types of cases routinely require discovery in order to allow a court to fairly and properly adjudicate the claims of the parties. Padula, 822 F.2d at 99 (discovery permitted for constitutional claim involving FBI hiring practices); Hogue, 791 F.2d at 1321 (bench trial on liberty interest claims); Bailey v. Kirk, 777 F.2d 567, 569 (discovery permitted on liberty interest claims); Dressler v. Jenne, 87 F.Supp.2d 1308, 1310 (S.D.Fla. 2000) (discovery permitted in constitutional challenges to police officer's termination); Dziewior, 715 F.Supp. at 1420 (discovery permitted in constitutional claims involving polygraph challenges); See also Hogarth v. Thornburgh et al., 833 F.Supp. 1077, 1080 (S.D.N.Y. 1993)(discovery permitted in

termination discrimination claim against FBI).

Additionally, the defendants has in its possession relevant information that would be crucial to any judicial determination including, but not limited to, internal regulations and policies.

The plaintiff is legally entitled to present this information to the Court for its consideration prior to any final judgment being issued.

## CONCLUSION

Based on the foregoing, the Defendants' Fraudulent Motion for Summary Judgment should be denied, and the Plaintiffs' Cross-Motion for Summary Judgment, Cross-Motion to Strike Defendants' Fraudulent Summary Judgment and Affidavits Cross-Motion for Discovery should be granted.

Date: October 12, 2005,

_____
Curtis Duncan

Sworn to and subscribed before me on the 12th day of October 2005.

_____
Notary Public
Exp: July 9, 2007

My Commission Expires:

                                  Respectfully submitted,

                                  */s/ Curtis Duncan*
                                  Curtis Duncan
                                  Plaintiff

                                  C&J Associates Pest Control
                                  P.O. Box 8186
                                  Montgomery, Alabama 36110
                                  Phone 334-201-5203
                                  cj_one@msn.com

## CERTIFICATE OF SERVICE

    I hereby certify that on October 12, 2005, a copy of the foregoing was mailed first class, postage pre-paid, to:

Jeffery Long
Office of the Attorney General
Alabama State House
11 South Union Street
Montgomery, Alabama 36130
Phone 334-242-7555
Fax 334-242-2433

Henry Lyles
State of Alabama Department of Transportation
1409 Coliseum Boulevard
Montgomery, Alabama 36110
Phone 334-242-6350
Fax 334-264-4359