IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CURTIS DUNCAN, D.B.A. C&J ASSOCIATES PEST CONTROL, | ) ) ) CIVIL ACTION NUMBER |
| PLAINTIFF, | ) ) |
| VS. | ) ) ) |
| RAYBURN HORNSBY, ET AL., | ) CV 05-0557-A ) |
| DEFENDANTS, | ) |

PLAINTIFFS' MOTION FOR RECONSIDERATION OF ORDER REGARDING PLAINTIFFS' MOTION TO DISMISS AND STRIKE DEFENDANTS AND THEIR ATTORNEY FRAUDULENT SUBMISSION OF REPORT OF THE PARTIES 'PLANNING MEETING

Come now Plaintiff Curtis Duncan, C&J Associates respectfully moves the court to reconsider its Order denying Plaintiff motion to Dismiss and Strike Defendants and their Attorney Fraudulent Submission of Report of the Parties' Planning Meeting.

The Court Order states the Court considered not only the written report but any oral representations made by the parties, including the plaintiff's disagreement with matters specified in the written report. The Court states that it entered its Rule 16 Scheduling Order based on a full consideration of all submissions-written and oral- and the Court's considered judgment of the pleadings. The matters leading up to and occurring during the parties' Planning Meeting-as specified in Plaintiff's Motion- are now secondary to the Rule 16 Order which governs discovery in this litigation; the court discerns no factual or legal basis for the sanctions requested. This Order is inconsistent with the undisputed facts concerning this matter.

Plaintiff understands that his lawsuit is only one of many cases your Honor, is presiding over. However, the statements made in the Court Order are not the true facts of what took place during the Scheduling Conference on September 9, 2005. Plaintiff believes that if the Court reviews the recording or the written record by the Court Reporter of this conference it will find the following undisputed facts.

1. That your Honor questioned the Plaintiff for more than forty minutes about the merit, sufficiency etc. of his Complaint. In the words of Attorney Long, "Judge Boyd sure was grilling you during the Status Conference".

2. That your Honor did not ask Defendants' Attorney not one question about the merit, sufficiency etc. of their clients defense.

3. That your Honor asked Defendants' Attorney Jeffery Long a question of who was awarded the contract in question? Attorney Long wrongly answered that the contract was awarded to Cook Pest Control. Plaintiff raised his hand and your Honor gave me permission to speak, Plaintiff correctly answered that Terminix Pest Control was awarded the contract in question. Attorney Long confirmed that Plaintiff was correct in his answer.

4. That your Honor asked Defendants' Attorney Jeffery Long one question about the Parties Meeting held on September 6, 2005. Your Honor asked Attorney Long why was the completion date for Discovery set for such a late date of June 15, 2006. Attorney Long deceptively stated that he set that date for the Plaintiff benefit. Plaintiff raised his hand and your Honor gave me permission to speak, Plaintiff correctly answered that he had actually recommended November 18, 2005 at the

Parties Planning Meeting on September 6, 2005. Your Honor immediately stated that Plaintiff suggested date was to short. At this point Attorney Long was clearly lying about what took place in the Planning Meeting and was furthering that lie in the Scheduling Conference in the presence of your Honor.

5. That your Honor never questioned the Defendants' Attorney Long why they missed the first filing deadline of September 1, 2005 for turning in the scheduling of this case.

6. That it is undisputed facts that the Defendants' and their Attorneys failed to e-mail or give Plaintiff a copy of the Court Ordered Parties' Planning Meeting of September 6, 2005 before the Scheduling Conference of September 8, 2005.

7. That it is undisputed facts that the Defendants' and their Attorney did not give the Plaintiff a copy of the Parties Planning Meeting until September 22, 2005.

8. That it is undisputed facts that the Defendants' and their Attorneys intentionally failed to get Plaintiff signature before submitting a fraudulent Report of the Parties' Meeting.

9. That it is undisputed facts that the Defendants' and their Attorneys changed all the dates of the Parties Planning Meeting to favor their fraudulent defense. It makes no logical sense for Plaintiff to change all his original dates submitted to the Court on September 1, 2005.

10. That it is undisputed facts that your Honor, controlled and dictated what issues she wanted discussed and what issues she did not want discussed.

For the reasons stated above, the Plaintiff respectfully move the Court to reconsider its Order in which the court denied Plaintiff Motion to Dismiss and Strike Defendants and their Attorneys Fraudulent Submission of Report of the Parties Meeting.

Respectfully,

*Curtis Duncan*

Curtis Duncan
Plaintiff
C&J Associates Pest Control
P.O. Box 8186
Montgomery, Alabama 36110
Phone 334 -201-5203
cj-one@msm.com

CERTIFICATE OF SERVICE

I hereby certify that on October 17, 2005, a copy of the foregoing was mailed first class, postage pre-paid, to:

Jeffery Long
Office of the Attorney General
Alabama State House
11 South Union Street
Montgomery, Alabama 36130
Phone 334-242-7555
Fax 334-242-2433

Henry Lyles
State of Alabama Department of Transportation
1409 Coliseum Boulevard
Montgomery, Alabama 36110
Phone 334-242-6350
Fax 334-264-4359