IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| C & J ASSOCIATES PEST CONTROL, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | 2:05-CV-0557-A |
| ) | [wo] |
| RAYBURN HORNSBY, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER ON MOTIONS

For the second time the *pro se* plaintiff in this action has delayed unreasonably the filing of a motion seeking protection from providing a deposition in this cause, and again, he has failed to provide any compelling basis for relief. Around noon on this 6th day of December, 2005, the court first received notice of *Plaintiff's Motion to Quash Depositions* (Doc. 38) and his *Motion to Supplement Motion Quash Deposition* (Doc. 40), both filed on December 5, the day before scheduled depositions for Curtis Duncan and Janice Duncan. Plaintiff's submissions document that the depositions were noticed on November 15, 2005 and he does not complain that he did not receive the notices in a timely fashion or that the scheduled date presented a hardship for his compliance.

Upon notice of these motions, the court promptly undertook to ascertain the status of the scheduled depositions in order to arrange a conference call with the parties to resolve these motions; according to the orally communicated report from defendants' counsel of record, the Plaintiff appeared today at 8:15 a.m. for the deposition scheduled at 9:30 a.m. but indicated his refusal to provide any testimony until a ruling by the court on his motions.

After due consideration of the pending motions – including relevant prior orders – it, is, for good cause, **ORDERED** as follows:

1. *Plaintiff's Motion to Supplement Motion Quash Deposition* (Doc. 40, Dec. 5, 2005) is hereby **GRANTED** to the extent of its request to attach "Exhibit 1" inadvertently omitted from, though referenced in, the pending motion to quash.

2. *Plaintiff's Motion to Quash Depositions* (Doc. 38, Dec. 5, 2005) is **DENIED** pursuant to an express finding that the asserted grounds are frivolous, meritless, untimely, and indicative of the plaintiff's apparent and unjustified resolve not to abide by the rules and orders governing the prosecution of his civil lawsuit.[1]

In rejecting plaintiff's similarly grounded effort to avoid a previously noticed deposition, the court cautioned Plaintiff:

> These reasons lack any merit and to the extent that they are premised on alleged failures by Defendants' attorney, they infringe on the court's authority to decide and sanction litigation deficiencies and/or abuse.[2]

Upon examination of the deposition notice in response to Plaintiff's complaints of procedural deficiencies under Rules 30, 34.4 and 26(b), the court finds that the notices reflect substantial

---

[1]Plaintiff moves to quash the deposition notice as "nothing more than a witch-hunt and a fishing expedition..." and because Defendants' Attorney "has intentionally in bad faith chosen to fraudulently represent their clients merit less defense..." Mot. at ¶¶4,5.In addition, Plaintiff complains that (1) the notices fail to state the method by which the testimony shall be recorded; (2) the request for production of documents at the time of the deposition violates Rules 34.4 and 26(b), which "limits party-controlled discovery to information that is 'relevant to the claim or defense of any party' rather than to any matter relevant to the subject matter of the action"; and (3) the "depositions was [sic] issued in bad faith to invade Plaintiff privacy and highly confidential without showing of a need for this information that is relevant to any of the legal issues in this case."*Mot.* at ¶¶1,2.

[2]*Order* filed Nov. 10, 2005 (Doc. 33).

compliance with Rule 30 and that the documents identified for Rule 30(b)(5) production have relevance to the claims asserted by Plaintiff in this action and to Defendant's asserted defenses.

3. Pursuant to this court's findings that Plaintiff's repeated dilatoriness in challenging Defendant's deposition notice is inexcusable, and that his requests for relief are groundless**, the court instructs the Defendant to file not later than December 12, 2005, an appropriate pleading** certifying his re-notice of the deposition in controversy, any relevant communications with Plaintiffs subsequent to service of the notice, and any relevant occurrences or communications on the date scheduled for depositions; counsel shall attach a verified record of any transcript made and any statement invoiced by the court reporter for his/her appearance.

3. Pursuant to its authority under FED.R.CIV.P.,Rule 37, and for good cause, it is **ORDERED** that **Plaintiff Curtis Duncan and Janice Duncan, are hereby INSTRUCTED BY THE COURT to appear for their separate depositions, to be taken by Defendants at 9:30 a.m. on December 16, 2005, at the offices of the Alabama Department of Transportation,** 1409 Coliseum Boulevard, Montgomery, Alabama 36110.

The depositions shall be taken upon oral examination, pursuant to Rule 30, by stenographic recording by a court reporter duly authorized under Rules 28 and 30. *Plaintiff Curtis Duncan is DIRECTED to bring with him to the deposition all records* within his custody, possession or control which are responsive to the documents identified on the Re-Notice of deposition attached as Exhibit 1 to his Motion to Quash Deposition.

**4.    Plaintiffs are hereby CAUTIONED** that failure to appear at this rescheduled deposition and otherwise to abide by this ORDER shall subject him to "contempt of court" proceedings and such sanctions as may be warranted upon proper findings. This ORDER shall not

3

be reconsidered by this court.

    5.  The Clerk shall ensure that this ORDER is served promptly on the parties.

DONE THIS 6TH DAY OF DECEMBER, 2005.

/s/ Delores R. Boyd

DELORES R. BOYD
UNITED STATES MAGISTRATE JUDGE