IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| C & J ASSOCIATES PEST CONTROL, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | 2:05-CV-0557-A |
| ) | [wo] |
| RAYBURN HORNSBY, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER ON MOTION

Plaintiff Curtis Duncan, who filed and is prosecuting pro se this civil action for himself and his *P*laintiff company, C & J Associates Pest Company, has delayed unreasonably and for the third time in this litigation the filing of a motion to preclude the taking of his noticed deposition. Around 9:00 a.m. on this 16th day of December, 2005, the court received notice of *Plaintiff's Motion to Quash Depositions* (Doc. 47) and his *Motion to Recuse Pursuant to 28 U.S.C. 455(a) and (b)(1)* (Doc. 46), each filed at 4:35 p.m. on December 15, the day before *court-scheduled* depositions – set to commence at 9:30 a.m. – for Curtis Duncan and Janice Duncan.

Against the backdrop of Defendants' two failed attempts to take these depositions, and for good cause evidenced on the pertinent pleadings, this court entered an *Order* on December 6, 2005 (Doc. 41), INSTRUCTING "Plaintiff Curtis Duncan and Janice Duncan to appear for their separate depositions, to be taken by Defendants, at 9:30 a.m. on December 16, 2005, at the offices of the Alabama Department of Transportation" and directing Plaintiff Curtis Duncan "to bring with him to the deposition all records within his custody, possession or control which are responsive to the documents identified on the Re-Notice of deposition attached as Exhibit 1 to his Motion to Quash

Deposition."  The court expressly cautioned Plaintiff Duncan "that failure to appear at this rescheduled deposition and otherwise abide by this ORDER shall subject him to "contempt of court" proceedings and such sanctions as may be warranted upon proper findings.

In the "motion to quash depositions" dilatorily filed, Duncan does not complain that he did not receive the order in a timely fashion or that the scheduled date presented a hardship for his compliance.  Instead, he asserts a *single* basis for his motion to quash these depositions: his simultaneous filing of a motion for this court's recusal.  The recusal motion is meritless and irrespective of merit, it does not constitute a sufficient basis for Duncan's refusal to comply with the order directing these depositions.  Accordingly, it is

**ORDERED** that *Plaintiff's Motion to Quash Depositions* (Doc. 47) is **due to be and is hereby DENIED.**

Done this 16th day of December, 2005.

**/s/ Delores R. Boyd**
DELORES R. BOYD
UNITED STATES MAGISTRATE JUDGE