1    IN THE UNITED STATES DISTRICT COURT FOR
     THE MIDDLE DISTRICT OF ALABAMA
2              NORTHERN DIVISION

3

4    CURTIS DUNCAN, d.b.a.
     C&J ASSOCIATES PEST CONTROL,
5    et al.,

6        Plaintiff,
     vs.                          CASE NO.
7                                 05-CV.05-557-WHA-DRB

8    RAYBURN HORNSBY, JOHNNY
     HARRIS, STAN CARLTON,
9    ISAAC KERVIN, and
     PAT ANTLE,
10
         Defendants.
11

12           *    *    *    *    *    *

13        **SECOND RENOTICE OF DEPOSITION**

14             **(Curtis Duncan)**

15             **(Janice Duncan)**

16   taken pursuant to Second Renotice and Court Order on

17   behalf of the Defendant, Alabama Department of

18   Transportation, at the Alabama Department of

19   Transportation, 1409 Coliseum Boulevard, Montgomery,

20   Alabama 36110, before DAWN A. GOODMAN, Certified

21   Shorthand Reporter and Notary Public in and for the State

22   of Alabama at Large, on Friday, December 16, 2005,

23   commencing at 9:30 o'clock a.m.

1                    <u>APPEARANCES</u>

2       FOR THE DEFENDANT PAT ANTLE:

3               Jeffery H. Long, Esquire
                Office of the Attorney General
4               Alabama State House
                11 South Union Street
5               Montgomery, Alabama 36130

6       FOR THE DEFENDANT DEPARTMENT OF TRANSPORTATION:

7               Harry A. Lyles, Esquire
                Jason Trippe, Esquire
8               1409 Coliseum Boulevard
                Montgomery, Alabama 36110

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

1                      I N D E X

2                    E X H I B I T S

3      FOR THE DEFENDANTS:

4      NO.                                      PAGE

5      1    Eight-page document, dated December 15,      7

6           2005, entitled Plaintiff's Curtis

7           Duncan's Motion to Recuse Pursuant to

8           28 U.S.C. 455(a) and (b)(1)

9      2    Three-page document, dated December 9,       7

10          2005, entitled Second Re-Notice of

11          Deposition of Plaintiff Curtis Duncan

12     3    Three-page document, dated December 9,       8

13          2005, entitled Second Re-Notice of

14          Deposition of Janice Duncan

15

16

17

18

19

20

21

22

23

```
 1                    P R O C E E D I N G S

 2         MR. LYLES:  My name is Harry Lyles.  I'm an attorney

 3    representing the Alabama Department of Transportation and

 4    some of the individual defendants in this case.  Also

 5    present is Mr. Jeff Long, who is an attorney from the

 6    Attorney General's Office representing Defendant Pat

 7    Antle and some of the other defendants.  Present also in

 8    the deposition is Mr. Jason Trippe, who is an attorney

 9    with the Department of Transportation and is my

10    co-counsel in this case.

11              This is the third time this deposition has been

12    set.  As noted in the record we prepared last time, the

13    first deposition didn't go forward, No. 1, because I was

14    out with an illness.  Also, because Mr. Duncan came to

15    the office and filed a pleading at approximately 4:00

16    o'clock the day before the deposition that he was not

17    going to come.

18              The deposition was rescheduled.  We met here

19    the last time before that deposition and after 4:00

20    o'clock the day before the deposition, Mr. Duncan came

21    to the office, spoke with me.  He told me he did not plan

22    on coming to the deposition and filed another Motion to

23    Quash the deposition.
```

1          This deposition was set pursuant to the Order

2     of Judge Boyd, who ordered that the deposition be taken

3     today at 9:30 and also ordered Mr. Duncan's wife's

4     deposition to be taken today at 11:00 o'clock.

5          Yesterday, Mr. Duncan filed in court, according

6     to the stamp at 4:36, a Motion asking the judge to recuse

7     herself.  I am going to attach a copy of that Motion to

8     this record.

9          He also filed another Motion to Quash.  Since

10     the Motion is date stamped 4:36, it's obvious that at

11     some time subsequent to that time is when he appeared in

12     this office and said he was not coming today.

13          We went to check and see if Mrs. Duncan was

14     going to come and were informed by her office, which is

15     in this building, that she took off yesterday afternoon

16     and advised her supervisors yesterday that she would not

17     be in today due to a doctor's appointment and took sick

18     leave for today.  Apparently sometime mid to late morning

19     yesterday, Mrs. Duncan advised her supervisors that she

20     would not be present today and did not communicate this

21     to the lawyers here.

22          It is now 9:30 and no one has appeared for the

23     Duncan's.

**Curtis Duncan/Janice Duncan 12-16-05**

1         It's the third time we have had the

2    depositions.  This office has expended several hours

3    getting ready once again.  Mr. Trippe has done some

4    research, prepared some exhibits and spent approximately

5    two hours getting ready.  Four hours.  I'm sorry.  Stacy

6    Hughes from this office spent about two hours preparing

7    to this deposition.  I have spent about two and a half

8    hours, as I have for each of the depositions.

9         Mr. Long, do you have anything you want to put

10   on the record?

11        MR. LONG:  Yes.  One thing, the Order required

12   us to Renotice Mr. and Mrs. Duncan and your office did.

13        MR. LYLES:  That's right.

14        MR. LONG:  And I have spent at least two and a

15   half hours each time preparing for these depositions.  I

16   did it the first time because I didn't know Harry was

17   sick until after I prepared.  I don't believe I can

18   charge for that since that was cancelled due to Harry's

19   illness.  I have got at least five hours for the two.  He

20   waits until the last minute and does not show.

21        I have nothing other than that to add.

22        MR. LYLES:  One other point that Jeff has

23   brought up.  Last time when we appeared, and Judge Boyd

1    entered an Order directing us to take his deposition at

2    this time, she also ordered that we take certain steps to

3    file certain documents with the Court.  Including

4    Re-noticing the Deposition and a record showing what

5    transpired at the last deposition time.  To the best of

6    our knowledge, we have filed all of the documents Judge

7    Boyd has requested and served all of them on Mr. Duncan

8    and his wife, including the Re-Notices of the deposition

9    regarding today's time and date.

10            That's all we have.

11            (Discussion off the record)

12            MR. LYLES:  Also, as part of this submission to

13   this record, we will mark exhibits, the Re-notice that we

14   did of these depositions.  They will also be part of the

15   record and marked.

16            (Eight-page document, dated December 15,

17        2005, entitled Plaintiff's Curtis Duncan Motion to

18        Recuse Pursuant to  28 U.S.C. 455(a) and (b) (1),

19        marked as Defendant's Exhibit No. 1)

20            (Three-page document, dated December 9,

21        2005, entitled Second Re-Notice of

22        Deposition of Plaintiff's Curtis Duncan,

23        marked as Defendant's Exhibit No. 2)

1            (Three-page document, dated December 9,

2        2005, entitled Second Re-Notice of

3        Deposition of Janice Duncan, marked as

4        Defendant's Exhibit No. 3)

5            MR. LYLES:  As we sit here right now, I cannot

6    put my hands on the document that I thought we had filed

7    with the Court, reporting to the Court the steps we had

8    taken in enclosing the transcript of the last deposition

9    appearance.  We will check the record.  If that has not

10    been filed by the Court, it will be filed either tomorrow

11    or first thing Monday morning.  I mean today or first

12    thing Monday morning.

13            (Whereupon, the proceedings adjourned at 9:35

14    o'clock a.m.)

15

16

17

18

19

20

21

22

23

1           <u>CERTIFICATE OF COURT REPORTER</u>

2       I, DAWN A. GOODMAN, do hereby certify;

3       That I am a Certified Shorthand Reporter of the

4   State of Alabama;

5       That the foregoing pages are a true and correct

6   transcript of the Re-Notice of Deposition of Curtis

7   Duncan and Janice Duncan;

8       I further certify that I am not interested in the

9   outcome of said matter nor connected with or related to

10  any of the parties of said matter or to their respective

11  counsel.

12      Dated this 16th day of December, 2005, at

13  Prattville, Alabama.

14

15                  *Dawn A. Goodman/mH*
                DAWN A. GOODMAN, CSR
16              State of Alabama

17

18

19

20

21

22

23

RECEIVED

IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

2005 DEC 19  P 4 36

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA.

Curtis Duncan, d.b.a. C&J Associates        )
Pest Control,                               )
                                            )
    Plaintiff,                              )
                                            )
Vs.                                         )        CV. 05-557-WHA-DRB
                                            )
Rayburn Hornsby, etc., et al.,              )
                                            )
    Defendants.                             )

## PLAINTIFF'S  CURTIS DUNCAN MOTION TO RECUSE PURSUANT TO 28 U.S.C.  455(a) and (b) (1)

Comes now Plaintiff Curtis Duncan, C & J Associates Pest Control respectfully moves the

United States Magistrate Judge Delores R. Boyd enter an Order pursuant to 28 U.S.C. 455 (a)

and/or (b)(1) recusing herself from further proceedings in the above-styled action.  The Plaintiff

respectfully requests that this motion be referred to another United States Magistrate Judge for an

evidentiary hearing and determination.  In support of this request, Plaintiff will respectfully show

that, Your Honor has an impermissible personal bias and prejudice against Plaintiff because of his

Pro Se status.  Because of Your Honor personal bias and prejudice against Plaintiff, you have

chosen to arbitrarily ignore all the material facts of this case and have abused your discretion by

failing to make rulings and decisions in accordance with Statutes, Federal Rules and Procedures,

Precedent and Settle Law established by the United States Supreme Court.

Your Honor has consistently arbitrarily ruled in favor of the Defendants and their attorneys with

the Attorney General Office and the Department of Transportation even when the material facts,

statutes, federal rules and procedures, precedent and settle law does not support your rulings or



orders. The arbitrary rulings made by Your Honor would make any reasonable person question

your impartiality for the Defendants and their Attorneys.

1. During the Scheduling Conference on September 8, 2005, Your Honor spent the majority of

the hour long conference repeatedly grilling Plaintiff on his ability and competency to represent

himself in his Civil Rights lawsuit in your court room. Your Honor repeatedly stated that Plaintiff

was in over his head, that Plaintiff did not have the legal capacity to sue the Defendants in their

individual capacity. Plaintiff answered every question Your Honor asked him pertaining to the

merits of his lawsuit. Your Honor still repeatedly chastised Plaintiff legal position of his lawsuit,

even after Plaintiff informed Your Honor that the United States Supreme Court with Justice Sandra

Day O'Connor writing the majority opinion. The U. S. Supreme Court has consistently ruled that

State officials can be sued in their individual capacity when they intentionally violate official State

policy and operate beyond the scope of the job duties. Your Honor did not ask Defendants'

Attorneys any questions about the merits of their defense. Your Honor abused her discretion by

spending the majority of scheduling conference grilling Plaintiff about his complaint rather

questioning the parties about what was the results of two Court ordered parties meetings issued on

August 18, 2005 and September 2, 2005. Your Honor failed to follow statutes, federal rules and

procedures, precedent and settled law. See Recording of Minute for Scheduling conference

September 8, 2005.


2. On September 28, 2005 and October 17, 2005 Plaintiff filed a brief (affidavit) in support of

Motion to Strike Defendants and their Attorneys Fraudulent Submission of Report of Parties

Planning Meeting, and a Motion for Reconsideration. See (Doc. # 22, 30). On October 5, 2005

and November 15, 2005, Your Honor twice denied Plaintiff Motion to Strike, by arbitrarily

ignoring the material facts of Plaintiff affidavit.  See (Doc. # 27, 36)  Your Honor abused her

discretion by refusing to have Defendants' Attorneys respond by affidavit to Plaintiff Motion to

Strike.  It is a material fact that the Defendants Attorneys misrepresented the true discussions that

took place in the Parties Meeting and even lied to the Court during the Scheduling Conference

Your Honor failed to follow statutes, federal rules and procedures, precedent and settled law.

3.   On September 28, 2005 and October 17, 2005 Plaintiff filed a Motion to Amend Complaint

to add the First Amendment, and a Motion for Reconsideration. See (Doc. # 24, 31 ).  On  October

5, 2005 and November 15, 2005,  See (Doc. # 26, 35) Your Honor twice denied Plaintiff Motion to

Amend Complaint, Your Honor abused her discretion by arbitrarily ignoring the material facts,

statutes, federal rules and procedures, precedent and settle law  Plaintiff submitted in support of his

motion.

4.   On  October 12, 2005 Plaintiff filed a Motion to Strike Defendant's Fraudulent Motion for

Summary Judgment and Affidavits.  See (Doc. # 29).  On November 15, 2005, See (Doc. #34).

Plaintiff provided Your Honor with detailed material facts about how the Defendants and their

Attorneys intentional filed a fraudulent motion for Summary Judgment to the Court.  Your Honor

abused her discretion by denying Plaintiff motion by arbitrarily ignoring the material facts,

statutes, federal rules and procedures, precedent and settled law.

5.   On October 12, 2005 Plaintiff filed a Motion for Summary Judgment.  See (Doc. # 29).  On

November 15, 2005, See (Doc. # 34). Your Honor abused her discretion by denying Plaintiff

motion by arbitrarily ignoring the material facts, statutes, federal rules and procedures, precedent

and settled law.

6.   On November 9, 2005 and December 2, 2005, Plaintiff filed a Motion to Quash Defendant's

Motion for Deposition and a Motion for Reconsideration See (Doc. # 32, 37).  On November 10,

2005 and December 6, 2005, See (Doc. # 33, 39). Plaintiff has provided Your Honor with detailed material facts on how the Defendants and their Attorneys refused to discuss the merits of the case and intentional disobeyed her Order, they are now abusing the federal rules of procedures by trying to depose Plaintiff and his wife on issues that should have been handled in the Parties Meeting or still could be resolved in Status Conference. Plaintiff has also provided Your Honor with detailed material facts on how the Defendants and their Attorneys have repeatedly turned in defected Notices for Depositions and Subpoenas. Your Honor abused her discretion by denying Plaintiff motion by arbitrarily ignoring the material facts, statutes, federal rules and procedures, precedent and settled law.

7. On December 6, 2005, See (Doc. # 41). Your Honor issued an Order to compel Plaintiff and his wife Janice Duncan to appear for the Defendant's deposition and provide information that has no relevant to the issues of this case. For example Defendants want Plaintiff to turn over to them tax records reflecting Plaintiff income for the last five years. How could income have any relevant to determine the ownership of C&J Associates Pest Control? Plaintiff have already given a sworn affidavit that he is sole proprietor of C&J Associates Pest Control. It is undisputed fact that Plaintiff submitted a bid on the disputed solicitation/contract during the calendar year of 2003, yet Your Honor is rubber stamping every trivial request the Defendants want for deposition for example information going back to calendar year 1993, how is this relevant to what happen in the year 2003. Your Honor has abused her discretion by arbitrarily ignoring the material facts, statutes federal rules and procedures, precedent and settled.

8. Plaintiff respectfully submits that Your Honor have abused her discretion through out the proceeding of this lawsuit. Your Honor has set a disturbing pattern of issuing rulings and orders by arbitrarily ignoring the material facts, federal rules and procedures, precedent and settled law

established by the United States Supreme Court. Your Honor abuse of her discretion have let the Defendants and their Attorney make a mockery of the Federal Judicial System. This abuse of discretion falls under 455(a) and 455(b)(1).

Argument and Authorities

Section 455(a) provides: "Any judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."

"The very purpose of § 455(a) is to promote confidence in the judiciary by avoiding even the possible appearance of impropriety whenever possible." *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 865, 108 S.Ct. 2194 (1988), Hepperle v. Johnson, 590 F. 2d 609, 614 (5th Cir. 1979). "Neither actual partiality, nor knowledge of the disqualifying circumstances on the part of the judge during the affected proceeding, are prerequisites to disqualification under this section. The duty of recusal applies equally before, during, and after a judicial proceeding, whenever disqualifying circumstances become known to the judge." *United States v. Kelly*, 888 F,2d 732, 744(11th Cir. 1989) (citing *Liljeberg*, 486 U.S. 859-61). The standard for recusal under § 455(a) is "whether an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality." Christo v. Padgett, 223 F. 3d 1324,1333(11th Cir.2000). Carter v. West Pub.Co., No. 99-11959-EE, 1999 WL 994997 (11[th]Cir. November 1,1999)*United States v. Torkington*, 874 F.2d 1441, 1446 (11th Cir. 1989) (quoting *Parker v. Connors Steel Co.*, 885 F.2d 1510, 1524 (11th Cir. 1988). "[A]ny doubts must be resolved in favor of recusal." *United States v. Patti*, 337 F.3d. 1317, 1321 (11th Cir. 2003) (citing *Kelly*, 888 F.2d at 745).

Plaintiff respectfully submits that should this Court determine that immediate recusal is not required, then appropriate procedure would be to refer this motion to another Judge so that that Judge can conduct an evidentiary hearing to fully develop the relevant facts and independently determine whether recusal under § 455(a) is appropriate.  Such referrals to a different judge are routinely employed in determining recusals under § 455(a).  *See, e.g., Liljeberg*, 486 U.S. at 851; *United States v. State of Alabama*, 828 F.2d 1532, 1539 (11th Cir. 1987); *Potashnick v. Port City Const. Co.*, 609 F.2d 1101, 1106(5th Cir. 1980).

An opportunity to fully develop the relevant facts may also demonstrate that recusal is necessary under a second provision of § 455.  Section 455(b)(1).  (b) He shall disqualify himself in the following circumstances:  (1) Where he has a personal bias or prejudice concerning a party.  In *Patti*, the Eleventh Circuit wrote: Although both subsections provide reasons for recusal, subsection (b) is stricter than subsection (a) because the need for a judge's recusal under subsection (b) is clear; once it has been established that one of the enumerated conditions exists, there can be no dispute about the propriety of recusal.  The language in section 455(a) which provides that a jurist "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned" has long been held to established "a reasonable man standard in determining whether a judge should recuse himself." See Byrne v. Nezhat, 261 F.3d 1075, 1101 (11th Cir. 2001), See United States v. Holland, 655 F.2d 44, 47, (5th Cir. 1981).  The Eleventh Circuit review Court's decisions in this matter under an abuse of discretion standard.  See United States v. Bailey, 175 F. 3d 966,968 (11th Cir. 1999)

Again, Plaintiff respectfully submits that this Court should conclude that immediate recusal is necessary, and that this motion should be referred to another Judge for an evidentiary hearing and determination.

WHEREFORE, Defendant respectfully prays that this Court enter an Order disqualifying itself from further proceedings in this matter and enter an Order referring this motion to another Judge for hearing and determination, and for such other and further relief as this Court may deem just and proper.

Respectfully submitted

Curtis Duncan
Plaintiff, Pro Se
C&J Associates Pest Control
P.O. Box 8186
Montgomery, Al. 36110
Phone 334-201-5203 or 334-221-8799

## CERTIFICATE OF SERVICE

I hereby certify that on December 15, 2005, I have served a true and correct copy of the above and foregoing by first class, United States mail, properly address and postage prepaid, or hand delivered on defendants as follows:

Jeffrey H. Long
Office of the Attorney General
Alabama State House
11 South Union Street
Montgomery, Alabama 36130
334-242-7555 Phone Number
334-242-2433 Fax Number

Harry A. Lyles
State of Alabama Department of Transportation
1409 Coliseum Boulevard
Montgomery, Alabama 36110
334-242-6350 Phone Number
334-264-4359 Fax Number

Curtis Duncan
Plaintiff, Pro Se

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

C&J ASSOCIATES PEST CONTROL, et al.,  )
  )
  )
  **Plaintiffs,**  )
  )
v.  )  **CASE NO. 2:05-cv-557-WHA-DRB**
  )
RAYBURN HORNSBY, JOHNNY HARRIS,  )
STAN CARLTON, ISAAC KERVIN, and  )
PAT ANTLE,  )
  )
  **Defendants.**  )

## SECOND RE-NOTICE OF DEPOSITION

PLEASE TAKE NOTICE that, pursuant to the Court's Order of December 6, 2005 (Doc.

No. 41), Defendants Hornsby, Harris, and Carlton will take the deposition of **Plaintiff Curtis**

**Duncan** on **Friday, December 16, 2005, at 9:30 a.m.,** pursuant to Rule 30 of the Federal Rules

of Civil Procedure, at the offices of the Alabama Department of Transportation, 1409 Coliseum

Boulevard, Montgomery, Alabama 36110, and continuing from day to day until completed. Said

deposition will be recorded by a certified shorthand reporter or other official duly authorized to

administer oaths.

Pursuant to the provisions of Rule 30(b)(5) of the Federal Rules of Civil Procedure,

Plaintiff is requested to provide the following documents for the purpose of copying and

inspecting at the time and place of deposition:

    a)    Tax returns for the past five years reflecting the income of C & J

           Associates.

    b)    Any "statement of partnership authority" filed by C & J Associates Pest

           Control.

**DEFENDANT'S EXHIBIT**
2
Duncan 12/16/05

c)    Any and all documents filed with the Judge of Probate of Montgomery

County on behalf of C & J Pest Control.

d)    Any and all documents filed with the office of the Alabama Secretary of

State on behalf of C & J Pest Control.

e)    Any and all articles of incorporation filed on behalf of C & J Pest Control.

f)    Any and all articles of organization filed on behalf of C & J Pest Control.

g)    A copy of C & J's current Form W-9, "Request for Taxpayer

Identification Number and Certification."

h)    Copies of any and all applications, documents, or forms filed with the

State of Alabama state purchasing office.

i)    Copies of documents or applications which resulted in C & J's

classification or status as a "woman-owned small minority" partnership.

RESPECTFULLY SUBMITTED
TROY KING
ATTORNEY GENERAL

Jim R. Ippolito, Jr. (IPP001)
Assistant Attorney General
Chief Counsel

Harry A. Lyles (HAL001)
Assistant Attorney General
Assistant Counsel

ADDRESS OF COUNSEL:

State of Alabama Department of Transportation
1409 Coliseum Boulevard
Montgomery, Alabama 36110
Telephone: (334) 242-6350
Facsimile: (334) 264-4359

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

C&J ASSOCIATES PEST CONTROL, et al.,    )
                                        )
        Plaintiffs,                     )
                                        )
v.                                      )    CASE NO. 2:05-cv-557-WHA-DRB
                                        )
RAYBURN HORNSBY, JOHNNY HARRIS,         )
STAN CARLTON, ISAAC KERVIN, and         )
PAT ANTLE,                              )
                                        )
        Defendants.                     )

## CERTIFICATE OF SERVICE

I certify that, on December 9, 2005, I have served the foregoing on the following by

placing copies thereof, addressed to them as indicated below, in United States mail, First Class

Postage prepaid, and/or by electronic mail:

C&J Associates
Curtis Duncan
PO Box 8186
Montgomery, Alabama  36110-8186
cj_one@msn.com

Jeffery H. Long, Esq.
Assistant Attorney General
Office of the Attorney General
P.O. Box 300152
Montgomery, Alabama  36130-0152
jlong@ago.state.al.us

Harry A. Lyles (HAL001)
Assistant Attorney General
Assistant Counsel

3

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

C&J ASSOCIATES PEST CONTROL, et al.,    )
                                        )
                                        )
      Plaintiffs,                       )
                                        )
v.                                      )    CASE NO. 2:05-cv-557-WHA-DRB
                                        )
RAYBURN HORNSBY, JOHNNY HARRIS,         )
STAN CARLTON, ISAAC KERVIN, and         )
PAT ANTLE,                              )
                                        )
      Defendants.                       )

## SECOND RE-NOTICE OF DEPOSITION

PLEASE TAKE NOTICE that, pursuant to the Court's Order of December 6, 2005 (Doc.

No. 41), Defendants Hornsby, Harris, and Carlton will take the deposition of **Janice Duncan** on

**Friday, December 16, 2005, at 11:00 a.m.**, or immediately following the conclusion of the

deposition of Plaintiff Curtis Duncan, pursuant to Rule 30 of the Federal Rules of Civil

Procedure, at the offices of the Alabama Department of Transportation, 1409 Coliseum

Boulevard, Montgomery, Alabama 36110, and continuing from day to day until completed.  Said

deposition will be recorded by a certified shorthand reporter or other official duly authorized to

administer oaths.

RESPECTFULLY SUBMITTED
TROY KING
ATTORNEY GENERAL

Jim R. Ippolito, Jr. (IPP001)
Assistant Attorney General
Chief Counsel

Harry A. Lyles (HAL001)
Assistant Attorney General
Assistant Counsel

DEFENDANT'S
EXHIBIT
3
Duncan 12|16|05

ADDRESS OF COUNSEL:

State of Alabama Department of Transportation
1409 Coliseum Boulevard
Montgomery, Alabama 36110
Telephone: (334) 242-6350
Facsimile: (334) 264-4359

2

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| C&J ASSOCIATES PEST CONTROL, et al., ) | |
| ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | **CASE NO. 2:05-cv-557-WHA-DRB** |
| v. ) | |
| RAYBURN HORNSBY, JOHNNY HARRIS, ) | |
| STAN CARLTON, ISAAC KERVIN, and ) | |
| PAT ANTLE, ) | |
| ) | |
| **Defendants.** ) | |

## CERTIFICATE OF SERVICE

I certify that, on December 9, 2005, I have served the foregoing on the following by

placing copies thereof, addressed to them as indicated below, in United States mail, First Class

Postage prepaid, and/or by electronic mail:

C&J Associates
Curtis Duncan
PO Box 8186
Montgomery, Alabama  36110-8186
cj_one@msn.com

Jeffery H. Long, Esq.
Assistant Attorney General
Office of the Attorney General
P.O. Box 300152
Montgomery, Alabama  36130-0152
jlong@ago.state.al.us

Harry A. Lyles (HAL001)
Assistant Attorney General
Assistant Counsel

3