IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **C&J ASSOCIATES PEST CONTROL**, *et al.*, )<br>)<br>**Plaintiffs**, )<br>)<br>v. )<br>)<br>**RAYBURN HORNSBY, JOHNNY HARRIS,** )<br>**STAN CARTON, ISAAC KERVIN, and PAT** )<br>**ANTLE,** )<br>)<br>**Defendants.** )<br>) | CASE NO. 2:05-cv-557-WHA-DRB |

**MOTION FOR ORDER TO SHOW CAUSE, FOR ORDER STRIKING PLAINTIFFS'
PLEADINGS, FOR JUDGMENT AGAINST PLAINTIFFS, FOR DISMISSAL OF
PLAINTIFFS' COMPLAINT, AND FOR OTHER APPROPRIATE RELIEF**

COME NOW Defendants Rayburn Hornsby, Johnny Harris, and Stan Carlton and, pursuant to Rule 37 of the Federal Rules of Civil Procedure, move this Court for an order directing Plaintiffs to show cause why Plaintiff Curtis Duncan and Janice Duncan should not be held in contempt for their failure to comply with this Court's Order (Doc. No. 41) of December 6, 2005. Additionally, these Defendants request other relief as set forth above. As grounds for this motion, these Defendants show unto the Court as follows:

1.  These Defendants are in receipt of the "Motion for Order Striking Plaintiff's Pleadings and Judgment against Plaintiff, for Show Cause Order and Other Relief" (Doc. No. 52), and attachment thereto, filed by Defendants Pat Antle and Isaac Kervin.

2.  These Defendants adopt and incorporate said pleading and attachment as if fully set forth herein. Additionally, these Defendants would state as follows:

3.  The requested relief is in accord with the case law of this Circuit. *See*, *Phipps v. Blakeney*, 8 F.3d 788 (11th Cir. 1993); *Moon v. Newsome*, 863 F.2d 835 (11th Cir. 1989); *United States of America v. $239,500.00 in U.S. Currency*, 764 F.2d 771 (11th Cir. 1985); *Shawmut*

*Boston Int'l. v. Duque-Peña*, 767 F.2d 1504 (11th Cir. 1985); *Hashemi v. Campaigner Publications, Inc.*, 737 F.2d 1538 (11th Cir. 1984); *Bonaventure v. Butler*, 593 F.2d 625 (11th Cir. 1979).

    4.    After being ordered to appear for a deposition by the district court, a *pro se* plaintiff failed to appear for the scheduled deposition. The appellate court held that dismissal of the plaintiff's case was appropriate and that the failure to appear was due to willfulness, bad faith, and fault. *Phipps, supra*, 8 F.3d at 790. The district court retains the discretion to dismiss a complaint where the party's conduct amounts to flagrant disregard and willful disobedience of the court's discovery orders. *Hashemi, supra*, 737 F.2d at 1539.

    5.    A *pro se* litigant is subject to the relevant law and rules of court. If a *pro se* litigant ignores a discovery order, he is and should be subject to sanctions like any other litigant. Dismissal, upon a *pro se* plaintiff's failure to comply with a discovery order, is not an abuse of discretion. *Moon, supra*, 863 F.2d at 837.

    6.    In *United States of America*, *supra*, the claimants twice failed to appear for depositions. The claimants' second failure to appear was on a date selected by the district court for said deposition. The court dismissed the claimants' claims. In upholding the dismissal, the circuit court noted that, "Claimants disobeyed the district court's order when they failed to appear for the second time. While dismissal is a severe sanction, the imposition of sanctions for failure to provide discovery rests within the trial court's discretion…." 764 F.2d at 773.

    7.    In *Bonaventure*, *supra*, the *pro se* plaintiff failed to appear for a deposition scheduled by attorneys for the defendants. The district court then selected a date and ordered the plaintiff to appear on that date. The plaintiff failed to appear on the court-selected date, and the

2

court dismissed the case with prejudice.  The dismissal was upheld by the appellate court as being within the discretion of the trial court.  593 F.2d at 625.

For the reasons cited above, Defendants Hornsby, Harris, and Carlton contend that the requested relief is due to be granted.

                RESPECTFULLY SUBMITTED
                TROY KING
                ATTORNEY GENERAL

                s/ Harry A. Lyles
                Jim R. Ippolito, Jr. (IPP001)
                Assistant Attorney General
                Chief Counsel

                Harry A. Lyles (HAL001)
                Assistant Attorney General
                Assistant Counsel

ADDRESS OF COUNSEL:

State of Alabama Department of Transportation
1409 Coliseum Boulevard
Montgomery, Alabama  36110
Telephone:  (334) 242-6350
Facsimile:  (334) 264-4359

## IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | |
|---|---|
| **C&J ASSOCIATES PEST CONTROL**, *et al.*, | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| v. | ) **CASE NO. 2:05-cv-557-WHA-DRB** |
| | ) |
| **RAYBURN HORNSBY, JOHNNY HARRIS, STAN CARTON, ISAAC KERVIN, and PAT ANTLE,** | ) |
| | ) |
| **Defendants.** | ) |

## **CERTIFICATE OF SERVICE**

I hereby certify that, on January 4, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECT system, which will send notification to the following: Mr. Jeffery H. Long, Esq., Attorney General's Office, 11 South Union Street, Montgomery, Alabama 36130, Attorney for Defendants Kervin and Antle.

I also certify that, on this same date, I have served the foregoing on the following by placing a copy thereof, addressed as indicated below, in United States Mail, First Class Postage prepaid: Mr. Curtis Duncan, *pro se*, C&J Associates Pest Control, P.O. Box 8186, Montgomery, Alabama 36110.

s/ Harry A. Lyles
Harry A. Lyles (HAL001)
Assistant Attorney General
Assistant Counsel

ADDRESS OF COUNSEL:
State of Alabama Department of Transportation
1409 Coliseum Boulevard
Montgomery, Alabama 36110
(334) 242-6350 (office)
(334) 264-4359 (facsimile)

4