IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| C & J ASSOCIATES PEST CONTROL, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | 2:05-CV-0557-WHA-DRB |
| | ) | [wo] |
| RAYBURN HORNSBY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER ON MOTION

Upon consideration of Plaintiff's *Motion to Submit Evidence to Verify Curtis Duncan is Sole Proprietor of C&J Associates Pest Control*, filed December 16, 2005 (Doc. 50), the court can only speculate on this *pro se* plaintiff's intention in asking the court to "accept the submission of Schedule C (Form 1040) Profit or Loss from Business (Sole Proprietorship) and Schedule SE (Form 1040) Self-Employment Tax for the years of 2000, 2001, 2002 as irrefutable evidence that Curtis Duncan is sole proprietor of C&J Associates Pest Control."

The *Motion* fails to specify any pending motion or matter concerning which this evidence is offered; presumably, it is the summary judgment motion filed August 31, 2005 (Doc. 13) in which Defendants Kervin and Antle contend that Plaintiff Duncan lacks standing because records do not document him as the owner of the plaintiff pest control company. Assuming plaintiff's intent to submit the proffered "evidence" in opposition to this dispositive motion, the submission is untimely as the court directed on September 2, 2005 (Doc 16) that show-cause submissions be filed not later than September 28 and

thereafter granted plaintiff's request for an extension until October 12, 2005 (Doc.26). The docket reflects the plaintiff's filing on October 12, 2005 of his Response in Opposition to the summary judgment motion. Assuming plaintiff's intent that his "Motion to Submit Evidence..." be construed as a motion for leave to supplement his October 12 response, the redacted, unauthenticated, and uncertified tax records proffered with the motion are patently inadmissible as evidence, much less the "irrefutable evidence" claimed. (*See* Sept. 2, 2005 Order specifying Rule 56 evidentiary requirements for submissions in opposition ).

To the extent that plaintiff seeks by this *Motion* merely to establish on the record evidence regarding his claim to ownership of the plaintiff company, applicable procedural rules do not authorize the submission of such proof for substantive facts in this manner.

Accordingly, it is

**ORDERED** that the *Motion to Submit Evidence to Verify Curtis Duncan is Sole Proprietor of C&J Associates Pest Control* (Doc. 50) is DENIED.

Done this 9th day of January, 2006.

**/s/ Delores R. Boyd**
DELORES R. BOYD
United States Magistrate Judge

2