IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| C & J ASSOCIATES PEST CONTROL, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | 2:05-CV-0557-WHA |
| ) | [WO] |
| RAYBURN HORNSBY, et al., ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Prior to any meaningful discovery in this 42 U.S.C. § 1983 action filed by *pro se* plaintiffs, two of five defendants designated solely in individual capacities – state employees Issac Kervin and Pat Antle – filed their *Motion for Summary Judgment, Statement of Undisputed Facts, and Supporting Brief of Fact and Law* (Doc. 13, Aug. 31, 2005). After due consideration of supporting and opposing submissions (Doc. 29, Oct. 12, 2005), the Magistrate Judge concludes that disputed issues of fact preclude the entry of summary judgment, which is appropriate only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ. P. 56(c).

**I.  Summary of Complaint**

The Complaint filed on June 10, 2005 by Plaintiffs C&J Associates Pest Control and Curtis Duncan ("Plaintiffs") arises from their unsuccessful bids on State of Alabama

contracts for termite treatment projects at the Alabama Department of Transportation and the Alabama Department of Corrections. Duncan, a black resident-citizen of Montgomery County, "has performed Pest Control Services for twenty five years and is sole owner of C&J Associates Pest Control." (*Compl.*,¶ 3).

The complaint describes Defendant Issac Kervin ("Kervin") as "Finance Purchasing Director for the State of Alabama" (¶ 7), and his Affidavit states his actual title as "Purchasing Agent for the State of Alabama as defined by Section 41-4-111 . . . responsible for awarding public contracts pursuant to Chapter 16 of title 41 of the Code of Alabama." Plaintiffs describe Defendant Pat Antle as a "Buyer for the Finance Purchasing for the State of Alabama" (¶ 7), and her Affidavit confirms her status as a "Buyer for the State of Alabama [and] a subordinate employee of" Defendant Kervin.[1] Additional defendants, all employed by the State of Alabama Transportation Department, are Rayburn Hornsby, Office Manager of the First Division; Johnny Harris, Division Engineer of the First Division; and Stan Carlton, Procurement Officer.

Plaintiffs attribute to all defendants an "impremissionable (*sic*) preference for favorite (*sic*) a white vendor Cook Pest Control when they wrote bid specifications tailored made for Sentricon distributors in order to make it a sole source product." After receiving on January 16, 2003, a letter from Defendants Hornsby, Harris, Carlot "that Sentricon should be only product accepted for the treatment termites for the First Division", Defendants Kervin and

---

[1] Exs. 1 and 2, *Defs.' Mot.*

Antle allegedly "rejected the fraudulent actions of Defendants Hornsby, Harris, Carlton [and] advertised Invitation to Bid for Termite Treatment and Control for the Transportation and Correction Departments through the State Purchasing of Alabama March 13, 2003." (*Compl.*, ¶¶ 11-13). According to Duncan, Defendants Kervin and Antle "willfully and knowingly ignored... because [of] his race" his March 24, 2003 letter protesting "restrictive bid specifications" and proceeded with "the bid specifications recommending Sentricon or any equivalent product ..." and the "bid opening on March 27, 2003." (*Compl.*, ¶¶ 14-16). Though "Defendant Antle on April 17, 2003 awarded Plaintiff the contract to perform the termite treatment for corrections Limestone" (*Compl.*, ¶ 21), Duncan alleges, in essence, that racial bias motivated this defendant and other defendants in connection with the subsequent decisions reversing this award and also rejecting his bid for the Transportation Department's termite project.

Plaintiffs assert "race discrimination, violation of the 14th amendment equal protection, and the Civil Rights Act of 1991" as the grounds for damages in Counts One and Two of the Complaint, with the former also specifying a "violation of 42 U.S.C. 1981" and the latter, a "violation of 42 U.S.C. 1983." Count One summarily "alleges that the Defendants actions have violated Plaintiff Federal Constitutional Right of the 14th Amendment to enjoy equal protection of the law and civil rights to be free of race discrimination in state contracting." In a similarly summary fashion, Count Two "alleges that the Defendants actions have violated Plaintiff 14th Amendment and civil rights under the color of state law."(¶¶ 41, 44). A third count alleges "Violation of State of Alabama

Competitive Bid Laws, ...administrative procedures, and Board of Examiners' Established Procedures." As remedial relief, Plaintiffs specify only "costs" and "an order to eliminate all the defendants' bias and discriminatory effects."

## II.  Discussion

The Answers filed for Defendants Kervin and Antle deny the Complaint's material allegations and aver four affirmative defenses: the statute of limitations; qualified immunity; Plaintiff lacks standing as a non-bidder to contest the awarding of contracts on which he did not bid; and advice of attorney. (Doc. 9 at 4). Defendants reiterate the limitations and standing defenses as grounds for summary judgment; additionally, they claim entitlement to judgment as a matter of law "because the Plaintiff has failed to provide substantial evidence to support his claims of intentional discrimination."

Claiming that the material facts are undisputed, these defendants contend that this action "involves nothing more than the application of established law .. [under 28 U.S.C. §§ 1981 and 1983] to the individual facts of this case." (*Defs.' Mot.* at 4, *citing Brown v. Am. Honda Motor Co.*, 939 F.2d 946, 948 (11th Cir. 1991)). Defendants state the "undisputed facts" in two paragraphs, as follows:

> Mr. Curtis Duncan, Plaintiff, alleges he failed to receive State contracts due to the fact that he is an African American. Plaintiff submitted bids on contracts to provide termite treatment for the Alabama Department of Transportation, as well as the Alabama Department of Corrections-Limestone Facility. Plaintiff's low-bid for the Alabama Department of Transportation was rejected following review, as it was determined the bid did not meet the required specifications. Plaintiff's Outpost system was not specified, nor was it comparable, to the required Sentricon system. Furthermore, the plaintiff failed to provide documentation of the required damage protection warranty, which the contract specifications required.

As a result of the rejection of the Plaintiff's bid for the Department of Transportation contract, the Department of Corrections also rejected Plaintiff's bid, as it too failed to meet the required specifications, which were identical to those for the Department of Transportation. Despite the rejection of these bids for contracts, the plaintiff has maintained an active and successful bidding history with the State, which is proven by the attached affidavit of Isaac Kervin. It follows that plaintiff has failed to establish a prima facie case of intentional discrimination, and summary judgment is appropriate.

The only evidentiary support submitted are defendants' affidavits, and Defendant Kervin attaches to his affidavit the correspondence, newsletter excerpts, bid documents, and other uncertified writings referenced in the seven-page affidavit, in which Kervin assumes responsibility for "the ultimate decision as to which bidder is awarded a contract under the Alabama bidding law" and represents, *inter alia*, that "[i]n no way was race a factor in determining to whom the bid was awarded." Kervin describes Defendant Antle as "a subordinate employee under [his] supervision, and in his two-paragraph affidavit, not accompanied by any exhibits, Antle declares:

> I am a Buyer for the State of Alabama. As Buyer, I am a subordinate employee of Issac Kervin, my supervisor, who, as Purchasing Agent for the State of Alabama , makes all decisions regarding public contracts. As Buyer I lack the legal capacity to award any contracts publicly bid, as the ultimate decision belongs to Mr. Kervin.
> I have personally read Mr. Kervin's affidavit and attest that it is true and accurate to the best of my knowledge. (*Ex.2*).

In opposition to summary judgment, the *pro se* plaintiffs dispute, predictably, the material allegations in defendants' submissions by offering – in affidavit format – Duncan's account of the material facts. The court need not undertake either to identify the material

facts or to resolve disputed facts at this juncture because summary judgment is clearly inappropriate pending the creation of an *evidentiary* record. Disputed facts cannot be resolved by self-serving affidavits supported only by exhibits which cannot be weighed as evidence.[2] Plaintiffs are not obliged to establish evidentiary facts in their complaints but instead, merely, to satisfy the pleading requirements specified by Rule 8.

Contrary to Defendants' implied contention, Plaintiffs have no duty to provide in the complaint "substantial evidence to support his claims of intentional discrimination." By seeking summary judgment based solely on the complaint, Defendants enhance considerably their burden to identify those portions of "the pleadings and evidentiary record" which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).[3] All that the Defendants' submissions demonstrate is their narrative account – supported only by inadmissible records – of the relevant course of conduct between the parties, their assessment of the material facts, and their absolute denial of racially motivated or otherwise impermissible conduct. Such an account is entitled to no more credence than the Plaintiffs' similar account. Provided with only the litigants' self-

---

[2]See Rule 56(e), providing in pertinent part: "Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith."

[3]The movant can meet this burden by presenting evidence showing there is no genuine issue of material fact, or by showing the non-moving party has failed to present sufficient evidence to establish an essential element of the non-moving party's claim. *Celotex* at 331. As the Supreme Court instructed in *Celotex, 477 U. S. at 323,* "the plain language of Rule 56(c) mandates the entry of summary judgment . . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."

serving declarations, the court cannot perform "the threshold inquiry of determining whether there is the need for a trial – whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). Accordingly, the summary judgment motion is due to be denied without prejudice.

### III.  CONCLUSION

Because the summary judgment motion by Defendants Kervin and Antle is not properly supported at this pre-discovery juncture, it is the Recommendation of the Magistrate Judge that the *Motion* (Doc. 13) be DENIED without prejudice.

It is further ORDERED that the parties shall file any objections to the said Recommendation not later than February 3, 2006.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d

33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE THIS 20th day of January, 2006.

**/s/ Delores R. Boyd**
DELORES R. BOYD
UNITED STATES MAGISTRATE JUDGE