IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CURTIS DUNCAN, D.B.A. C&J ASSOCIATES PEST CONTROL, | ) ) ) CIVIL ACTION NUMBER |
| PLAINTIFF, | ) ) |
| VS. | ) ) ) |
| RAYBURN HORNSBY, ET AL., | ) CV 05-0557-A ) |
| DEFENDANTS, | ) |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR ORDER TO SHOW CAUSE, FOR ORDER STRIKING PLAINTIFFS' PLEADINGS, FOR JUDGMENT AGAINST PLAINTIFF, FOR DISMISSAL OF PLAINTIFFS' COMPLAINT AND OTHER RELIEF**

Come now Plaintiff Curtis Duncan d.b.a. C&J Associates respectfully moves for the Court to deny Defendants Motion in all respects, because this Motion is merit less to the material facts of this case. The sanctions sought by the Defendants is highly usually and is not routinely imposed when the non-complying party Plaintiff in good faith was justified in its objective resistance to certain discovery requests made by Defendants that was not in full compliance with Federal Rule and Procedures.

Plaintiff has a statutory right as Pro Se under 28 U.S.C. 1654 to self-representation in Federal Courts. A party to a civil action in federal court has the right to appear Pro Se. The right to self representation "is a right of high standing, not simply a practice to be honored or dishonored by a court depending on its assessment of the desiderata of a particular case" Implicit in the right to self-representation is an obligation on part of the Court to make reasonable allowances to protect Pro Se litigants from inadvertent and

forfeiture of important rights because of their lack of legal training. While the right "does not exempt a party from compliance with the relevant rules of procedural and substantive law," it should not be impaired by harsh application of technical rules. Trials courts have been directed to read pro se papers liberally, and to allow amendment of pro se complaints "fairly freely". Plaintiff submits the following cases to support his motion, Traguth v. Zuck, Cite as 710 F.2d 90 (1983); Birl v. Estelle, 660 F.2d 592, 593, (5th Cir.1981); Haines v. Kerner, 404 U.S. at 520, 92 S.Ct. at 595; Holmes v. Goldin, 615 F.2d 83, 85 (2d Cir. 1980). Award of sanctions for former government official's failure to appear at deposition scheduled by plaintiffs would have been unjust where, although government defendants' motion for protective order was filed literally at the eleventh hour, the late filing was necessitated in part as a result of plaintiffs' actions and plaintiffs' efforts to reschedule the deposition, and facts did not clearly suggest that motion for protective order was filed in bad faith. Fed.Rules Civ.Proc.Rule 37(d), 28 U.S.C.A. Alexander v. F.B.I., 186 F.R.D. 78 (D.D.C. 1998).

The cases the Defendant has in support of their motion are not remotely relevant to the issues in this case.

Plaintiff also has a statutory right under 28 U.S.C. 455(a) and (b) (1) to ask Judge Boyd to rescue herself from his case, because her rulings have arbitrarily ignored the material facts of this case. Plaintiff has interpreted Judge Boyd actions as abuse of her discretion by failing to make rulings and decisions in accordance with Statutes, Federal Rules and Procedures, Precedent and Settle Law established by the United States Supreme Court. Plaintiff filed this motion in good faith because he has interpreted Judge Boyd rulings as having a personal impermissible personal bias and prejudice against

Plaintiff because of his Pro Se status. Plaintiff has also interpreted Judge Boyd rulings as being bias and prejudice because she has consistently ruled for the State Defendants and their Attorneys with the State Attorney General Office and the State Transportation Department even when the material facts, statutes, federal rules and procedures, precedent and settle law does not support her rulings. Your Honor Order issued on December 6, 2005 that the Court arranged a conference call with the parties. The defendants' counsel had the opportunity to communicate to Your Honor orally that Plaintiff appeared today at 8:15 for the deposition scheduled at 9:30 a.m. but indicated his refusal to provide any testimony until a ruling. Your Honor did not attempt to contact Plaintiff during this conference call. Defendants' attorney was afforded opportunity to communicate with Your Honor without Plaintiff presence or participation. It was Plaintiff and his wife understanding of the Federal Rules and Procedures that the Court would have to stay the Order for Deposition until Your Honor answered Plaintiff Motion for Recusal. Your Honor has failed to issue any Show Cause Orders for the Defendants violations of Court Orders, Federal Rules and Procedures, their intentional submission of false and fraudulent statements in their defense of this lawsuit etc. (See Exhibit 1 Plaintiff's Curtis Duncan Motion To Recuse Pursuant to 28 U.S.C. 455 (a) and (b) (1).

    The defendants are falsely and fraudulently misrepresenting the material facts of why the Plaintiff Curtis Duncan and his wife have not attended the three scheduled depositions and subpoenas. Attorney Jeffery Long and Harry Lyles in their Motion for Show Cause has again continued to lie about the material facts concerning this case as they have done from the beginning of this case. Attorney Long and Lyles falsely state *"Prior to the first and second attempted depositions, Curtis Duncan informed Harry*

*Lyles, counsel for the co-defendants, that he and wife would not submit to depositions without a court order. The third attempted deposition, which was ordered by this court, was ignored by the plaintiff and his wife. The second and third Notice of Deposition also required plaintiff to produce certain documents to the defendants, virtually none of which has been produced."*

The Plaintiff never communicated orally or in writing to Attorney Long or Lyles that he and his wife would not submit to the first two attempted depositions without a court order .The Plaintiff and wife did not ignore the court order to attend the third attempted deposition. The Plaintiff has submitted documents that he has in his possession that defendants have asked Plaintiff to produce.

The Court should deny defendants' motion because Plaintiff and his wife in good faith did not attend deposition. Plaintiff interpretation of the rule was that he could object to depositions where the defendants request was not in full compliance with the Federal Rules and Procedures. Plaintiff and his wife did not ignore the court ordered depositions because Plaintiff truly believed that based on the actions of the court, the Plaintiff would be prejudice by such actions and therefore a Motion for Recusal was filed for relief. The Plaintiff has submitted certain documents to the defendants, which included Tax papers for 2000, 2001, 2002 verifying that Curtis Duncan is the sole proprietor of C& J Associates Pest Control.

For the reasons stated above, the Plaintiff respectfully move the Court to deny Defendants Motion to Dismissal of Plaintiff's pleadings, for Judgment Against Plaintiff, for dismissal of Plaintiff's Complaint, and for other Appropriate Relief. Plaintiff respectfully move the Court to reconsider its Order in which the Court denied Plaintiff

Motion to Quash Defendant Notice for Deposition, Order Defendant to eliminate irrelevant requests for documents that are not relevant to the issues of this case, and issue a new date for the Depositions.

Respectfully,

*/s/ Curtis Duncan*

Curtis Duncan
Plaintiff
C&J Associates Pest Control
P.O. Box 8186
Montgomery, Alabama 36110
Phone 334-221-8799
       334-201-5203
cj_one@msn.com

CERTIFICATE OF SERVICE

I hereby certify that on January 24, 2006, a copy of the foregoing was mailed first class, postage pre-paid, to:

Jeffery Long
Office of the Attorney General
Alabama State House
11 South Union Street
Montgomery, Alabama 36130
Phone 334-242-7555
Fax 334-242-2433

Henry Lyles
State of Alabama Department of Transportation
1409 Coliseum Boulevard
Montgomery, Alabama 36110
Phone 334-242-6350
Fax 334-264-4359