RECEIVED

IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| Curtis Duncan, d.b.a. C&J Associates Pest Control, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| Vs. ) | CV. 05-557-WHA-DRB |
| ) | |
| Rayburn Hornsby, etc., et al., ) | |
| ) | |
| Defendants. ) | |

### PLAINTIFF'S CURTIS DUNCAN MOTION TO RECUSE PURSUANT TO 28 U.S.C. 455(a) and (b) (1)

Comes now Plaintiff Curtis Duncan, C & J Associates Pest Control respectfully moves the United States Magistrate Judge Delores R. Boyd enter an Order pursuant to 28 U.S.C. 455 (a) and/or (b)(1) recusing herself from further proceedings in the above-styled action. The Plaintiff respectfully requests that this motion be referred to another United States Magistrate Judge for an evidentiary hearing and determination. In support of this request, Plaintiff will respectfully show that, Your Honor has an impermissible personal bias and prejudice against Plaintiff because of his Pro Se status. Because of Your Honor personal bias and prejudice against Plaintiff, you have chosen to arbitrarily ignore all the material facts of this case and have abused your discretion by failing to make rulings and decisions in accordance with Statutes, Federal Rules and Procedures, Precedent and Settle Law established by the United States Supreme Court.

Your Honor has consistently arbitrarily ruled in favor of the Defendants and their attorneys with the Attorney General Office and the Department of Transportation even when the material facts, statutes, federal rules and procedures, precedent and settle law does not support your rulings or


Plaintiff's Exhibit

orders. The arbitrary rulings made by Your Honor would make any reasonable person question your impartiality for the Defendants and their Attorneys.

1. During the Scheduling Conference on September 8, 2005, Your Honor spent the majority of the hour long conference repeatedly grilling Plaintiff on his ability and competency to represent himself in his Civil Rights lawsuit in your court room. Your Honor repeatedly stated that Plaintiff was in over his head, that Plaintiff did not have the legal capacity to sue the Defendants in their individual capacity. Plaintiff answered every question Your Honor asked him pertaining to the merits of his lawsuit. Your Honor still repeatedly chastised Plaintiff legal position of his lawsuit, even after Plaintiff informed Your Honor that the United States Supreme Court with Justice Sandra Day O'Connor writing the majority opinion. The U. S. Supreme Court has consistently ruled that State officials can be sued in their individual capacity when they intentionally violate official State policy and operate beyond the scope of the job duties. Your Honor did not ask Defendants' Attorneys any questions about the merits of their defense. Your Honor abused her discretion by spending the majority of scheduling conference grilling Plaintiff about his complaint rather questioning the parties about what was the results of two Court ordered parties meetings issued on August 18, 2005 and September 2, 2005. Your Honor failed to follow statutes, federal rules and procedures, precedent and settled law. See Recording of Minute for Scheduling conference September 8, 2005.

2. On September 28, 2005 and October 17, 2005 Plaintiff filed a brief (affidavit) in support of Motion to Strike Defendants and their Attorneys Fraudulent Submission of Report of Parties Planning Meeting, and a Motion for Reconsideration. See (Doc. # 22, 30). On October 5, 2005 and November 15, 2005, Your Honor twice denied Plaintiff Motion to Strike, by arbitrarily

ignoring the material facts of Plaintiff affidavit. See (Doc. # 27, 36) Your Honor abused her discretion by refusing to have Defendants' Attorneys respond by affidavit to Plaintiff Motion to Strike. It is a material fact that the Defendants Attorneys misrepresented the true discussions that took place in the Parties Meeting and even lied to the Court during the Scheduling Conference Your Honor failed to follow statutes, federal rules and procedures, precedent and settled law.

3. On September 28, 2005 and October 17, 2005 Plaintiff filed a Motion to Amend Complaint to add the First Amendment, and a Motion for Reconsideration. See (Doc. # 24, 31 ). On October 5, 2005 and November 15, 2005, See (Doc. # 26, 35) Your Honor twice denied Plaintiff Motion to Amend Complaint, Your Honor abused her discretion by arbitrarily ignoring the material facts, statutes, federal rules and procedures, precedent and settle law Plaintiff submitted in support of his motion.

4. On October 12, 2005 Plaintiff filed a Motion to Strike Defendant's Fraudulent Motion for Summary Judgment and Affidavits. See (Doc. # 29). On November 15, 2005, See (Doc. #34). Plaintiff provided Your Honor with detailed material facts about how the Defendants and their Attorneys intentional filed a fraudulent motion for Summary Judgment to the Court. Your Honor abused her discretion by denying Plaintiff motion by arbitrarily ignoring the material facts, statutes, federal rules and procedures, precedent and settled law.

5. On October 12, 2005 Plaintiff filed a Motion for Summary Judgment. See (Doc. # 29). On November 15, 2005, See (Doc. # 34). Your Honor abused her discretion by denying Plaintiff motion by arbitrarily ignoring the material facts, statutes, federal rules and procedures, precedent and settled law.

6. On November 9, 2005 and December 2, 2005, Plaintiff filed a Motion to Quash Defendant's Motion for Deposition and a Motion for Reconsideration See (Doc. # 32, 37). On November 10,

2005 and December 6, 2005, See (Doc. # 33, 39). Plaintiff has provided Your Honor with detailed material facts on how the Defendants and their Attorneys refused to discuss the merits of the case and intentional disobeyed her Order, they are now abusing the federal rules of procedures by trying to depose Plaintiff and his wife on issues that should have been handled in the Parties Meeting or still could be resolved in Status Conference. Plaintiff has also provided Your Honor with detailed material facts on how the Defendants and their Attorneys have repeatedly turned in defected Notices for Depositions and Subpoenas. Your Honor abused her discretion by denying Plaintiff motion by arbitrarily ignoring the material facts, statutes, federal rules and procedures, precedent and settled law.

7. On December 6, 2005, See (Doc. # 41). Your Honor issued an Order to compel Plaintiff and his wife Janice Duncan to appear for the Defendant's deposition and provide information that has no relevant to the issues of this case. For example Defendants want Plaintiff to turn over to them tax records reflecting Plaintiff income for the last five years. How could income have any relevant to determine the ownership of C&J Associates Pest Control? Plaintiff have already given a sworn affidavit that he is sole proprietor of C&J Associates Pest Control. It is undisputed fact that Plaintiff submitted a bid on the disputed solicitation/contract during the calendar year of 2003, yet Your Honor is rubber stamping every trivial request the Defendants want for deposition for example information going back to calendar year 1993, how is this relevant to what happen in the year 2003. Your Honor has abused her discretion by arbitrarily ignoring the material facts, statutes federal rules and procedures, precedent and settled.

8. Plaintiff respectfully submits that Your Honor have abused her discretion through out the proceeding of this lawsuit. Your Honor has set a disturbing pattern of issuing rulings and orders by arbitrarily ignoring the material facts, federal rules and procedures, precedent and settled law

established by the United States Supreme Court. Your Honor abuse of her discretion have let the Defendants and their Attorney make a mockery of the Federal Judicial System. This abuse of discretion falls under 455(a) and 455(b)(1).

Argument and Authorities

Section 455(a) provides: "Any judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."

"The very purpose of § 455(a) is to promote confidence in the judiciary by avoiding even the possible appearance of impropriety whenever possible." *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 865, 108 S.Ct. 2194 (1988), Hepperle v. Johnson, 590 F. 2d 609, 614 (5th Cir. 1979). "Neither actual partiality, nor knowledge of the disqualifying circumstances on the part of the judge during the affected proceeding, are prerequisites to disqualification under this section. The duty of recusal applies equally before, during, and after a judicial proceeding, whenever disqualifying circumstances become known to the judge." *United States v. Kelly*, 888 F,2d 732, 744(11th Cir. 1989) (citing *Liljeberg*, 486 U.S. 859-61). The standard for recusal under § 455(a) is "'whether an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality." Christo v. Padgett, 223 F. 3d 1324, 1333 (11th Cir. 2000). Carter v. West Pub. Co., No. 99-11959-EE, 1999 WL 994997 (11th Cir. November 1, 1999).*United States v. Torkington*, 874 F.2d 1441, 1446 (11th Cir. 1989) (quoting *Parker v. Connors Steel Co.*, 885 F.2d 1510, 1524 (11th Cir. 1988). "[A]ny doubts must be resolved in favor of recusal." *United States v. Patti*, 337 F.3d. 1317, 1321 (11th Cir. 2003) (citing *Kelly*, 888 F.2d at 745).

Plaintiff respectfully submits that should this Court determine that immediate recusal is not required, then appropriate procedure would be to refer this motion to another Judge so that that Judge can conduct an evidentiary hearing to fully develop the relevant facts and independently determine whether recusal under § 455(a) is appropriate. Such referrals to a different judge are routinely employed in determining recusals under § 455(a). *See, e.g., Liljeberg*, 486 U.S. at 851; *United States v. State of Alabama*, 828 F.2d 1532, 1539 (11th Cir. 1987); *Potashnick v. Port City Const. Co.*, 609 F.2d 1101, 1106(5th Cir. 1980).

An opportunity to fully develop the relevant facts may also demonstrate that recusal is necessary under a second provision of § 455. Section 455(b)(1). (b) He shall disqualify himself in the following circumstances: (1) Where he has a personal bias or prejudice concerning a party. In *Patti*, the Eleventh Circuit wrote: Although both subsections provide reasons for recusal, subsection (b) is stricter than subsection (a) because the need for a judge's recusal under subsection (b) is clear; once it has been established that one of the enumerated conditions exists, there can be no dispute about the propriety of recusal. The language in section 455(a) which provides that a jurist "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned" has long been held to established "a reasonable man standard in determining whether a judge should recuse himself." See Byrne v. Nezhat, 261 F.3d 1075, 1101 (11th Cir. 2001), See United States v. Holland, 655 F.2d 44, 47, (5th Cir. 1981). The Eleventh Circuit review Court's decisions in this matter under an abuse of discretion standard. See United States v. Bailey, 175 F. 3d 966,968 (11th Cir. 1999)

Again, Plaintiff respectfully submits that this Court should conclude that immediate recusal is necessary, and that this motion should be referred to another Judge for an evidentiary hearing and determination.

WHEREFORE, Defendant respectfully prays that this Court enter an Order disqualifying itself from further proceedings in this matter and enter an Order referring this motion to another Judge for hearing and determination, and for such other and further relief as this Court may deem just and proper.

Respectfully submitted

*/s/ Curtis Duncan*

Curtis Duncan
Plaintiff, Pro Se
C&J Associates Pest Control
P.O. Box 8186
Montgomery, Al. 36110
Phone 334-201-5203 or 334-221-8799

## CERTIFICATE OF SERVICE

I hereby certify that on December 15, 2005, I have served a true and correct copy of the above and foregoing by first class, United States mail, properly address and postage prepaid, or hand delivered on defendants as follows:

Jeffrey H. Long
Office of the Attorney General
Alabama State House
11 South Union Street
Montgomery, Alabama 36130
334-242-7555 Phone Number
334-242-2433 Fax Number

Harry A. Lyles
State of Alabama Department of Transportation
1409 Coliseum Boulevard
Montgomery, Alabama 36110
334-242-6350 Phone Number
334-264-4359 Fax Number

*Curtis Duncan* (signature)
Curtis Duncan
Plaintiff, Pro Se