IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| C & J ASSOCIATES PEST CONTROL, et al., | ) | |
|     *Plaintiffs,* | ) | |
| | ) | |
| vs. | ) | 2:05-CV-0557-WHA |
| | ) | [wo] |
| RAYBURN HORNSBY, et al., | ) | |
|     *Defendants.* | ) | |

## ORDER ON MOTIONS

Submitted are motions by defendants – all state employees sued individually – to dismiss this action, or otherwise sanction the *pro se* plaintiffs, for refusing to show at the time and place noticed for their depositions – two pursuant to defendants' notices and the third pursuant to a court order – after filing motions less than 24 hours prior to the noticed time for depositions:

    Doc. 52:    *Motion for Order Striking Plaintiff's Pleadings and Judgment Against Plaintiff, for Show Cause Order and Other Relief,* filed by Defendants Pat Antle and Isaac Kervin;

    Doc. 53:    *Motion for Order to Show Cause, for Order Striking Plaintiffs' Pleadings, for Judgment Against Plaintiffs, for Dismissal of Plaintiffs' Complaint, and for Other Appropriate Relief,* filed by Defendants Rayburn Hornsby, Johnny Harris and Stan Carlton.

Following due consideration of all written submissions and oral arguments on January 31, 2006, the court readily concludes that the record would support findings that plaintiffs' conduct has been unreasonable, unwarranted, and patently contemptuous of this court. The court is reticent to direct the most severe sanctions requested – striking plaintiffs' pleadings and entering an adverse judgment– solely because the record does not establish clear, prior notice to the plaintiffs – of the

potential for these sanctions.

In lieu of entering findings and conclusions on the record established to date, **the court deems it more appropriate to give unambiguous notice to the *pro se* plaintiffs, and does hereby, that <u>their objectionable conduct can and will result in the imposition of sanctions which may include striking pleadings, dismissing the complaint, entering judgments adverse to plaintiffs, assessing costs and monetary sanctions as may be warranted, citing plaintiffs for contempt of court and imposing any sanctions thereby authorized by law</u>**.   Should it become necessary hereafter to recommend any sanctions, the court's Recommendation will specify *all* relevant findings of fact, including those underlying the judgment herein declared regarding plaintiffs' conduct evidenced to date.

Accordingly, for the good cause stated, it is

**ORDERED** as follows:

1.  Defendants' *Motions* (Docs. 52 and 53) are *DENIED to the extent of* requests *for an order* striking the plaintiffs' pleadings, entering judgment adverse to plaintiffs, and dismissing this action with prejudice;

2.  Defendants' *Motions* (Docs. 52 and 53) are *GRANTED to the extent of requests for* other appropriate relief in response to plaintiffs' successful evasion of their depositions, and accordingly, **Plaintiff C & J Associates Pest Control and Plaintiff Curtis Duncan are hereby DIRECTED TO COMPLY WITH THE INSTRUCTIONS NOW PROVIDED FOR DEFENDANTS' TAKING OF THE TWO DEPOSITIONS IN CONTROVERSY**.  These Plaintiffs are ADVISED that FAILURE TO COMPLY will result in a JUDGMENT OF CONTEMPT AND THE IMPOSITION OF ANY OR ALL OF THE SANCTIONS DESCRIBED IN THIS ORDER.

a. Defendants are hereby authorized to take the depositions of Plaintiff Curtis Duncan along with his wife, Janice Duncan, whose ownership in Plaintiff C & J Associates Pest Control is a proper subject for examination notwithstanding Plaintiff Curtis Duncan's insistence that he is the sole owner of the plaintiff company. *Such depositions shall be taken in the court's Jury Assembly Room for District Courtroom 4A,* with the parties, counsel, and the court reporter appearing at the scheduled time in District Courtroom 4A, to be escorted then to the Jury Assembly Room.

b. The depositions shall be taken upon oral examination, pursuant to Rule 30, by stenographic recording by a court reporter duly authorized under Rules 28 and 30.

c. Defendants' counsel shall confer expeditiously with Plaintiff Duncan to ascertain a mutually convenient date for the two depositions prior to April 20, 2006, with the exception of the following dates: March 7, 10, 15, 20; April 3-7, 10, 13, 17.  **Defendants' counsel shall file by March 9, 2006, notice of the parties' agreed-upon date and time**, along with an alternate date in the contingency of conflicts hereafter by this court. The court will enter forthwith an Order which approves the date as the court-ordered date for depositions and incorporates the Rule 30(b)(5) requests which will be authorized in this Order.

d. *Plaintiff Curtis Duncan is DIRECTED to bring with him to the deposition all of the following-described records* within his custody, possession or control, being the same documents identified by Defendants on their deposition notices and re-notices as requests pursuant to Rule 30(b)(5) of the Federal Rules of Civil Procedure.

 *( i )* Tax returns for the past five years reflecting the income of C& J Associates;

 *( ii)* Any "statement of partnership authority" filed by C& J Associates Pest Control;

 *(iii)* Any and all documents filed with the Judge of Probate of Montgomery County on behalf of C & J Pest Control;

 *( iv)* Any and all documents filed with the office of the Alabama Secretary of State on behalf of C & J Pest Control;

 *( v )* Any and all articles of incorporation filed on behalf of C& J Pest Control;

 *( vi)* Any and all articles of organization filed on behalf of C & J Pest Control;

 *(vii)* A copy of C &J's current form W-9, "Request for Taxpayer Identification Number and Certification";

 *( viii)* Copies of any and all applications, documents, or forms filed with the State of Alabama state purchasing office;

 *( ix)* Copies of documents or applications which resulted in C & J's classification or status as a "woman-owned small minority" partnership.

After scrutinizing the complaint, answers, and other relevant pleadings, the court FINDS that these requested records are discoverable within the scope of Rule 26(b)(1); accordingly, objections based on "relevancy" shall not be authorized, and Plaintiff Duncan shall be prepared, after being sworn in for his deposition, to respond to each request by indicating if the requested documents do not exist or identifying – for inspection and copying – any documents brought in response to the request. Plaintiff Duncan may be permitted to state for the record at that time any objection not based on relevancy of the requested document.

ORDERED this 28th day of February, 2006.

       /s/ Delores R. Boyd
       DELORES R. BOYD
       UNITED STATES MAGISTRATE JUDGE