IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| C & J ASSOCIATES PEST CONTROL, et al., )<br>)<br>Plaintiffs, )<br>)<br>vs. )<br>)<br>RAYBURN HORNSBY, et al., )<br>)<br>Defendants. ) | 2:05-CV-0557-WHA |

**ORDER**

**Defendants Rayburn Hornsby, Johnny Harris and Stan Carlton** filed on July 31, 2006 a *Motion For Summary Judgment* along with their evidentiary submission and a supporting brief (Docs. 74, 75 and 76). It is, therefore,

**ORDERED** that *Plaintiff file a response not later than August 22, 2006*, to show any cause why this Motion should not be granted. Defendants may file any reply by September 1, 2006, and thereafter the Motion shall be submitted for determination without oral argument.

***Plaintiffs C&J Associates Pest Control and Curtis Duncan, who appear pro se in this litigation, are DIRECTED to Rule 56, Federal Rules of Civil Procedure***, which governs summary judgment motions. Rule 56(c) mandates entry of the requested judgment *"if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if ay, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."*

***Plaintiffs are further INSTRUCTED to be mindful of the following requirements in connection with their submissions:***

a. Failure to file *any* response may be treated as an abandonment of the claims set forth in the complaint. If Plaintiff fails to respond with respect to *each* of the claims challenged in the motion

for summary judgment, the court may treat this failure as an abandonment of each specific claim not addressed in Plaintiff's response.

   b.   Plaintiff should not rely only on his unsworn pleadings but should respond by filing sworn affidavits,[1] or other evidentiary materials developed through discovery or other appropriate means, which set forth specific facts demonstrating that there is a genuine issue of material fact for trial in this case.[2] Plaintiff's failure to file sworn affidavits or other evidentiary materials may warrant that the court accept the Defendants' evidence as the truth.[3] If documents are referred to in the opposing affidavits and have not been previously filed with the court, sworn, or certified, copies of those papers must be attached to the affidavits or served with them.

   c.   **Failure to follow the requirements of this Order in responding to the Defendants' motion may result in the entry of a final judgment in the Defendants' favor without any trial.**

   Done this 1st day of August, 2006.

   **/s/ Delores R. Boyd**
   DELORES R. BOYD
   UNITED STATES MAGISTRATE JUDGE

---

[1] An affidavit is a sworn statement in writing made under oath or on affirmation before a notary public or other authorized officer. Pursuant to Rule 56(e), "supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated thereon."

[2] Summary judgment is appropriate "and shall be rendered forthwith if pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c).

[3] If the plaintiff is unable to present, by affidavit, facts essential to justify his opposition to the defendants' report, then plaintiff must file a sworn statement as to why he or she is unable to do so.