IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT FOR ALABAMA

| | |
|---|---|
| C&J ASSOCIATES PEST CONTROL, ET AL, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) 2:05CV557-WHA-DRB ) ) |
| RAYBURN HORNSBY, et al, | ) ) |
| Defendants. | ) |

## MOTION TO STRIKE

COME NOW Defendants Isaac Kervin and Pat Antle, by and through the Honorable Troy King, Attorney General for the State of Alabama, and move to strike pursuant to Rule 12(f) F.R.Civ.P. **Plaintiff's Affidavit – Supporting Plaintiffs' Response in Opposition to Defendants' Fraudulent Motion for Summary Judgment and Cross-Motion to Strike Defendant's (sic) Motion for Summary Judgment and Affidavits and Cross-Motion Plaintiffs' Motion for Summary Judgment** (Doc 85) and for grounds states as follows:

1. Plaintiffs' pleading does not follow the general rules of pleadings and in particular Rule 8(e) F.R.Civ.P., requiring, "each averment of a pleading shall be simple, concise and direct"; Rule 10(b) which requires all averments of claims be numbered and each paragraph "be limited as far as practicable to a statement of single set of circumstances", and Rule 10(c) in that throughout Plaintiffs' document (Doc 85) Plaintiffs purport to refer to exhibits, but in no way indicates to what, if any, document these exhibits are attached. Further, Plaintiff relies on uncertified documents.

2. Plaintiff combines and inter-mixes his affidavit and his advocacy in one document in such a manner, that no prudent reader can discern to what the Plaintiff (Curtis Duncan) is swearing to under oath and which statements are advocacy.

3. Plaintiff was specifically put on notice at his deposition of his obligation under the Federal Rules of Civil Procedure that he had to separate his advocacy from his sworn testimony or the Defendants would move to strike his pleading. Attached are pages 223-225 of his deposition which show that he was instructed of his obligation under the rules and chose to ignore the rules of civil procedure on his on volition.

4. Nothing filed by Plaintiff Curtis Duncan can be remotely construed to comply with Rule 56(e) of the Federal Rules of Civil Procedure such that Defendants' affidavits by rule are still uncontroverted.

5. In this case, the factual allegations in the complaint are merely general allegations of legal conclusions and are "inadequate to state a cause of action." *Larry R. George Sales Co. v. Cool Attic Corp.*, 587 F.2d 266, 273 (5th Cir. 1979). Plaintiffs' failure to properly plead their claims is further aggravated by the fact that the individually named Defendants assert qualified immunity from his claims. *See GJR Investments*, 132 F.3d at 1369 ("Reading complaints with this level of indulgence [as the lower court did] is particularly troublesome when Defendants raise the issue of qualified immunity.").

"Courts do and should show a leniency to *pro se* litigants not enjoyed by those with the benefit of a legal education." *Id.* It is not the job of Defendants, however, nor of this Court to "serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Id.* As it stands, the complaint and particularly the response to the Defendants' properly filed Motion for Summary Judgment fall woefully

2

short of the pleading standards demanded by this circuit in civil rights actions and the Section 1983 claims against Defendants in their individual capacities are due to be dismissed.

WHEREFORE, Defendants Isaac Kervin and Pat Antle respectfully request this Honorable Court strike **Plaintiff's Affidavit – Supporting Plaintiffs' Response in Opposition to Defendants' Fraudulent Motion for Summary Judgment and Cross-Motion to Strike Defendant's (sic) Motion for Summary Judgment and Affidavits and Cross-Motion Plaintiffs' Motion for Summary Judgment** (Doc 85) as wholly noncompliant with the Federal Rules of Civil Procedure.

Respectfully Submitted,

Troy King, Attorney General

/s/ Jeffery H. Long
Jeffery H. Long
Assistant Attorney General

3

**CERTIFICATE OF SERVICE**

I certify that I have on this the 8th day of September, 2006, electronically filed the foregoing with the Clerk of the Court using CM/ECF system and served a copy of the same by the United States Mail, postage prepaid, and properly addressed as follows:

C&J Associates Pest Control
Curtis Duncan
PO Box 8186
Montgomery, AL 36110


The Clerk using the CM/ECF system will send notification of this filing to:

Harry Lyles, Esq.

/s/ Jeffery H. Long


Counsel Address of Counsel:
Office of the Attorney General
Alabama State House
11 South Union Street
Montgomery, AL 36130
(334) 242-7555
jlong@ago.state.al.us