IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **C&J ASSOCIATES PEST CONTROL,** *et al.*, | ) |
| | ) |
|     **Plaintiffs,** | ) |
| | ) |
| v. | ) |
| | )   **CASE NO. 2:05-cv-557-WHA** |
| | ) |
| **RAYBURN HORNSBY,** *et al.*, | ) |
| | ) |
|     **Defendants.** | ) |

### DEFENDANTS HORNSBY, HARRIS, AND CARLTON'S MOTION TO STRIKE PLAINTIFFS' "AFFIDAVIT SUPPORTING PLAINTIFFS' RESPONSE IN OPPOSITION"

COME NOW Defendants Rayburn Hornsby, Johnny Harris and Stan Carlton, by and through the Honorable Troy King, Attorney General for the State of Alabama, and move to strike, pursuant to Rule 12(f) F.R.Civ.P., **Plaintiff's Affidavit – Supporting Plaintiffs' Response in Opposition to Defendants' Fraudulent Motion for Summary Judgment and Cross-Motion to Strike Defendant's (sic) Motion for Summary Judgment and Affidavits and Cross-Motion Plaintiffs' Motion for Summary Judgment** (Doc No. 85) and as grounds states as follows:

    1.    Plaintiffs' pleading does not follow the general rules of pleadings and in particular Rule 8(e) F.R.Civ.P., requiring, "each averment of a pleading shall be simple, concise and direct"; Rule 10(b), which requires all averments of claims to be numbered and each paragraph "be limited as far as practicable to a statement of single set of circumstances"; and Rule 10(c), in that, throughout Plaintiffs' document (Doc No. 85), Plaintiffs purport to refer to exhibits but in no way indicate to what, if any, document these exhibits are attached. Further, Plaintiffs rely on uncertified documents.

2. Plaintiff Curtis Duncan combines and intermixes his affidavit and his advocacy in one document in such a manner that no prudent reader can discern what Plaintiff Duncan is swearing to under oath and which statements are advocacy.

3. Plaintiff was specifically put on notice at his deposition of his obligation under the Federal Rules of Civil Procedure that he had to separate his advocacy from his sworn testimony or the Defendants would move to strike his pleading.

4. Additionally, this Court, in its Order of August 1, 2006 (Doc. No. 80), specifically directed Plaintiff's attention to Rule 56 of the Federal Rules of Civil Procedure. Said direction by the Court included instructions as to the "requirements" of said rule (Doc. No. 80 at 1).

5. The Court's Order (Doc. No. 80 at paragraph "b") contained direction by the Court as to the documents necessary to support a Rule 56 motion. The Court further advised Plaintiff as to the consequences of his failure to follow those directions.

6. Nothing filed by Plaintiff Curtis Duncan can be remotely construed to comply with Rule 56(e) of the Federal Rules of Civil Procedure such that Defendants' affidavits by rule are still uncontroverted.

7. In this case, the factual allegations in the complaint are merely general allegations or legal conclusions and are "inadequate to state a cause of action." *Larry R. George Sales Co. v. Cool Attic Corp.*, 587 F.2d 266, 273 (5th Cir. 1979). Plaintiffs' failure to properly plead their claims is further aggravated by the fact that the individually named Defendants assert qualified immunity from their claims. *See GJR Investments*, 132 F.3d at 1369 ("Reading complaints with this level of indulgence [as the lower court did] is particularly troublesome when Defendants raise the issue of qualified immunity.").

"Courts do and should show a leniency to *pro se* litigants not enjoyed by those with the benefit of a legal education." *Id.* It is not the job of Defendants, however, nor of this Court to "serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Id.* As it stands, Plaintiffs' Complaint (Doc. No. 1) and particularly the response (Doc. No. 85) to the ALDOT Defendants' properly filed Motion for Summary Judgment (Doc. No. 74) fall woefully short of the pleading standards demanded by this circuit in civil rights actions. Thus, the Section 1983 claims against Defendants in their individual capacities are due to be dismissed.

WHEREFORE, Defendants Rayburn Hornsby, Johnny Harris and Stan Carlton respectfully request this Honorable Court strike **Plaintiff's Affidavit – Supporting Plaintiffs' Response in Opposition to Defendants' Fraudulent Motion for Summary Judgment and Cross-Motion to Strike Defendant's (sic) Motion for Summary Judgment and Affidavits and Cross-Motion Plaintiffs' Motion for Summary Judgment** (Doc No. 85) as wholly noncompliant with the Federal Rules of Civil Procedure.

                RESPECTFULLY SUBMITTED
                TROY KING
                ATTORNEY GENERAL

                s/ Harry A. Lyles
                Jim R. Ippolito, Jr. (IPP001)
                Assistant Attorney General
                Chief Counsel

                Harry A. Lyles (LYL001)
                Assistant Attorney General
                Assistant Counsel

**ADDRESS OF COUNSEL:**
State of Alabama Department of Transportation
1409 Coliseum Boulevard
Montgomery, Alabama  36110
Telephone:  (334) 242-6350
Facsimile:  (334) 264-4359
lylesh@dot.state.al.us

4

## IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | |
|---|---|
| **C&J ASSOCIATES PEST CONTROL,** *et al.*, | ) |
| | ) |
| **Plaintiffs,** | ) |
| v. | ) |
| | ) CASE NO. 2:05-cv-557-WHA |
| **RAYBURN HORNSBY,** *et al.*, | ) |
| | ) |
| **Defendants.** | ) |

### CERTIFICATE OF SERVICE

I hereby certify that, on September 11, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECT system, which will send notification to the following:

> Mr. Jeffery H. Long, Esq.
> Attorney General's Office
> 11 South Union Street
> Montgomery, Alabama  36130
> ATTORNEY FOR DEFENDANTS
> KERVIN AND ANTLE

I also certify that, on this same date, I have served the foregoing on the following by placing a copy thereof, addressed as indicated below, in United States mail, First Class Postage prepaid:

> Mr. Curtis Duncan
> C&J Associates Pest Control
> P.O. Box 8186
> Montgomery, AL  36110
> PLAINTIFFS *PRO SE*

> s/ Harry A. Lyles
> Harry A. Lyles (LYL001)
> Assistant Attorney General
> Assistant Counsel

**ADDRESS OF COUNSEL:**
State of Alabama Department of Transportation
1409 Coliseum Boulevard
Montgomery, Alabama  36110
(334) 242-6350 (office)
(334) 264-4359 (facsimile)