IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CURTIS DUNCAN, D.B.A. <br> C&J ASSOCIATES PEST CONTROL, <br><br> PLAINTIFF, <br><br> VS. <br><br> RAYBURN HORNSBY, ET AL., <br><br> DEFENDANTS, | ) <br> ) <br> ) CIVIL ACTION NUMBER <br> ) <br> ) <br> ) <br> ) <br> ) CV 05-0557-A <br> ) <br> ) |

PLAINTIFFS' OBJECTIONS TO MAGISTRATE JUDGE'S

ERRONEOUS RECOMMENDATIONS

Come now Pro Se Plaintiff Curtis Duncan D.B.A. C & J Associates Pest Control respectfully objects to the Magistrate Judge Delores Boyd Recommendations because they are erroneous and /or contrary to law. The Magistrate Judge because of her impermissible personal bias and prejudice for Plaintiff because of his Pro Se status, has chosen to make rulings that are erroneous and /or contrary to law. The Magistrate Judge also has an impermissible preference for the Defendants and their Attorneys Jeffrey long who works for the Attorney General Office and Harry Lyles who work for the Transportation Department. The Magistrate Judge has consistently ruled for the Defendants even when the material facts and existing law does not support her rulings.

In order for the District Judge to properly review the Magistrate Judge Recommendations, Your Honor must first review the entire lawsuit. The Magistrate Judge has demonstrated by her erroneous rulings that she have no respect for Plaintiff statutory rights as Pro Se under 28. U.S.C. 1654 to self-representation in Federal Courts. The right to self representation "is a right of high standing, not simply a practice to be honored or dishonored by a court depending on its assessment of the desiderata of a particular case". Implicit in the right to self representation is an obligation on part of the Court to make reasonable allowances to protect Pro Se litigants from inadvertent and forfeiture of important rights because of their lack of legal training. While the right "does not exempt a party from compliance with the relevant rules of procedural and substantive law," it should not be impaired by harsh application of technical rules. Trials courts have been instructed to read Pro Se papers liberally, and to allow amendment of Pro Se complaints "fairly and freely". Plaintiff submits the following cases to support his motion, Traguth v. Zuck. Cite as 710 F. 2d 90 (1983); Birl v. Estelle, 660 F. 2d 592, 593, (5th Cir. 1981); Haines v. Kerner, 404 U.S. at 520, 92 S.Ct at 595; Holmes v. Golden, 615 F.2d 83, 85 (2d Cir, 1980). The Magistrate Judge erroneous rulings are contrary to law and would make any reasonable person question her impartiality for the Defendants and their Attorneys. The Magistrate Judge never instructed or put Pro Se Plaintiff on notice that he had the right to appeal her decisions to the District Judge, after Plaintiff had asked the Magistrate Judge to reconsider several of her erroneous decisions. The Defendant's filed for a Summary Judgment on July 31, 2006, the Magistrate Judge did not issue special instructions on how Pro Se Plaintiff should respond responsibly in Opposition to the Defendant's Motion. It is Plaintiff understanding that the Magistrate Judge is confused by structure, format in which Pro-Se

Plaintiff submitted his Opposition to the Defendant's Motion for Summary. Pro-Se Plaintiff must be afforded the opportunity to correct the structure, format of his Opposition to Defendant's Motion. This lack of impartiality demonstrated by the Magistrate Judge has prevented Plaintiff who is representing Pro Se from receiving a fair hearing of his Complaint. The following are some of the erroneous rulings made by the Magistrate Judge from the inception of this lawsuit of this lawsuit to the present.

1. During the Scheduling Conference on September 8, 2005, The Magistrate Judge spent the majority of the hour long conference repeatedly grilling Plaintiff on his ability and competency to represent himself in his Civil Rights lawsuit in your court room. The Magistrate Judge repeatedly stated that Plaintiff was in over his head, that Plaintiff did not have the legal capacity to sue the Defendants in their individual capacity. Plaintiff answered every question The Magistrate Judge asked him pertaining to the merits of his lawsuit. The Magistrate Judge still repeatedly chastised Plaintiff legal position of his lawsuit, even after Plaintiff informed Your Honor that the United States Supreme Court with Justice Sandra Day O'Connor writing the majority opinion. The U. S. Supreme Court has consistently ruled that State officials can be sued in their individual capacity when they intentionally violate official State policy and operate beyond the scope of their job duties. The Magistrate Judge did not ask Defendants' Attorneys any questions about the merits of their defense. The Magistrate Judge abused her discretion by spending the majority of scheduling conference grilling Plaintiff about his complaint rather than questioning the parties about the two Court ordered parties meetings issued on

August 18, 2005 and September 2, 2005, what transpired during the meeting and what was the result of this meeting. On September 7, 2005 (Doc. #19). The Magistrate Judge allowed the Defendants Attorneys to turn in a fraudulent Report of Parties, which did not have Plaintiff signature or approval and proceeded to schedule the case to the fraudulent wishes of the Defendants Attorneys to their advantage. The Magistrate Judge failed to follow statutes, federal rules and procedures, precedent and settled law. See Recording of Minute for On September 8, 2005.

2. On September 28, 2005 and October 17, 2005 Plaintiff filed a brief (affidavit) in support of Motion to Strike Defendants and their Attorneys Fraudulent Submission of Report of Parties Planning Meeting, and a Motion for Reconsideration. See (Doc. #22, 30). On October 5, 2005 and November 15, 2005, The Magistrate Judge twice denied Plaintiff Motion to Strike, by arbitrarily ignoring the material facts of Plaintiff affidavit. See (Doc. #27, 36) Your Honor abused her discretion by refusing to have Defendants' Attorneys respond by affidavit to Plaintiff Motion to Strike. It is a material fact that the Defendants Attorneys misrepresented the true discussions that took place in the Parties Meeting and even lied to the Court during the Scheduling Conference. The Magistrate Judge failed to follow statutes, federal rules and procedures, precedent and settled law.

3. On September 28, 2005 and October 17, 2005 Plaintiff filed a Motion to Amend Complaint to add the First Amendment and a Motion for Reconsideration. See (Doc #24, 31). On October 5, 2005 and November 15, 2005, See (Doc. #26, 35) The

Magistrate Judge twice denied Plaintiff Motion to Amend Complaint. Plaintiff never had an opportunity amend complaint because the Court bias against. The Magistrate Judge abused her discretion by arbitrarily ignoring the material facts, statues, federal rules and procedures, precedent and settled law Plaintiff submitted in support of his motion.

4. On October 12, 2005 Plaintiff filed a Motion to Strike Defendant's Fraudulent Motion for Summary Judgment and Affidavits. See (Doc. #29). On November 15, 2005, See (Doc. #34). Plaintiff provided the Magistrate Judge with detailed material facts from the bid file about how the Defendants and their Attorneys intentional filed a fraudulent motion for Summary Judgment to the Court. The Magistrate Judge abused her discretion by denying Plaintiff motion by arbitrarily ignoring the material facts, statues, federal rules and procedures, precedent and settled law.

5. On October 12, 2005 Plaintiff filed a Motion for Summary Judgment. See (Doc. #29). On November 15, 2005 See (Doc. #34). The Magistrate Judge abused her discretion by denying Plaintiff motion by arbitrarily ignoring the material facts, statues, federal rules and procedures, precedent and settled law.

6. On November 9, 2005 and December 2, 2005, Plaintiff filed a Motion to Quash Defendant's Motion for Deposition and a Motion for Reconsideration See (Doc. #32, 37). On November 10, 2005 and December 6, 2005, (Doc. #33, 39). Plaintiff has provided the Magistrate Judge with detailed material facts on how the

Defendants and their Attorneys refused to discuss the merits of the case and intentional disobeyed her order, they are now abusing the federal rules of procedures by trying to depose Plaintiff and his wife on issues that should have been handled in the parties Meeting or still could be resolved in the Status Conference meeting. Plaintiff has also provided the Magistrate Judge with detailed material facts on how the Defendants and their Attorneys have repeatedly turned in defected Notices for Depositions and Subpoenas. The Magistrate Judge abused her discretion by denying Plaintiff motion by arbitrarily ignoring the materials facts, statutes, federal rules and procedures, precedent and settled law.

7. On December 6, 2005, (Doc. #41). The Magistrate Judge issued an Order to compel Plaintiff and his wife Janice Duncan to appear for the Defendant's deposition and provide information that has no relevant to the issues of this case. For example, defendants wanted Plaintiff to turn over to them tax records reflecting Plaintiff income for the last five years. How could income have any relevant to determine the ownership of C&J Associates Pest Control? Plaintiff had already given a sworn affidavit that he is sole proprietor of C&J Associates Pest Control. On December 16, 2005, (Doc. #50). Plaintiff submitted copies of his tax records to the Court and the Defendants verifying that Plaintiff was the Sole Proprietor of C & J Associates Pest Control. On January 9, 2006, (Doc. #55) The Magistrate Judge issued an Order denying Plaintiff Motion to Submit Evidence to verify Plaintiff is the Sole Proprietor of C & J Associates Pest Control. It is undisputed fact that Plaintiff submitted a bid on the disputed solicitation/contract during the calendar year of 2003, yet the

Magistrate Judge is rubber stamped every trivial request the Defendants wanted for a deposition for example information going back to calendar year 1993, how is this relevant to what happen in the year 2003. The Magistrate Judge abused her discretion by arbitrarily ignoring the material facts, statues federal rules and procedures, precedent and settled law.

8. On December 15, 2005, and January 30, 2006(Doc. #46, 63). Plaintiff filed the Motions asking the Magistrate Judge for Recusal and Reconsiderations. On December 16, 2005 and January 31, 2006(Doc. # 49, 69). The Magistrate Judge issued two Orders denying both motions. The Magistrate Judge abused here discretion by arbitrarily ignoring the material facts, statues federal rules and procedures, precedent and settled law.

9. Plaintiff lawsuit is based strictly on what was recorded in the public bid files of Invitation to Bid 2130153 and 2130174. Plaintiff Complaint and Opposition to Defendant's Motion for Summary were written strictly from the records of the public bid files. Plaintiff has submitted several documents from the public bid file that the Magistrate Judge has refused to acknowledge in her Recommendations. Plaintiff has submitted case law and precedent which the Magistrate Judge has refused to acknowledge. The bid files detailed each of the Defendant's roles in discriminating against Plaintiff. As stated in Plaintiff Complaint, Plaintiff letters and protest letters were not properly answered until the contract was improperly awarded to the white preferred favorite vendor. Plaintiff discovery took place about one to two weeks after the contract was improperly awarded. Plaintiff has submitted with his Complaint and Opposition to Defendants Motion for Summary the letters

Plaintiff wrote and letters and others correspondents the Defendants use in evaluating this contract. The Magistrate Judge because of her bias for Plaintiff has let Defendants submit fraudulent affidavits and statements that contradict the documents in the bid file. The Supreme Court has held that the test for intentional discrimination in suits under 1981 and 1983 are the same formulation used in Title VII discriminatory treatment causes. Under this test, the initial burden rests with Plaintiff to demonstrate by the preponderance of evidence a prima facie case of discrimination. Plaintiff proved that he is a member of a minority group. Plaintiff proved that he meet the requirements for contract and that Plaintiff was not given the contract. The contract was eventually given to an individual who is not a member of a protected class. All this information is in the public bid file which the Plaintiff submitted in his Complaint and Oppositions. Plaintiff submitted his Opposition to the Defendant's Motion for Summary in good faith, but the Magistrate Judge persist on holding Pro Se Plaintiff to a higher standard than 28 U.S.C. 1654 requires.

10. The Magistrate Judge has continued to erroneous state that Plaintiff is only asking for "cost" when Plaintiff have asked five different times in his Complaint to be awarded for damages suffered due to the Defendant's discrimination. The Magistrate Judge has erroneous ruled that State Officials are immune from lawsuits when Plaintiff have demonstrated that State Officials are not immune from lawsuit when go beyond the scope of their duties and commit fraud and misrepresent the facts of the public bid files. State Officials are not immune from violating the Competitive Bid Law when they fraudulently advertise a public bid under false

pretense to awarding the bid to the lowest responsible bidder, and true motive award the contract to a white favorite bidder.

11. Plaintiff respectfully submits that the Magistrate Judge abused her discretion through out the proceeding of this lawsuit. The Magistrate Judge has set a disturbing pattern of issuing rulings and orders by arbitrarily ignoring the material facts, federal rules and procedures, precedent and settled law established by the United States Supreme Court. The Magistrate Judge has abuse of her discretion and has let the Defendants and their Attorneys make a mockery of the Federal Judicial System. This abuse of discretion falls under 455(a) and 455(b) (1). In light of the aforementioned erroneous rulings by the Magistrate Judge Boyd and the fact that she retiring on December 31, 2006. The District Judge should issue an Order not to accept The Magistrate Recommendations and to transfer this case to another Magistrate Judge in order for Plaintiff to a receive a fair and impartial hearing concerning the erroneous rulings of the Magistrate Judge.

Respectfully,
*Curtis Duncan*
Curtis Duncan
Plaintiff
C&J Associates Pest Control
P.O. Box 8186
Montgomery, Alabama
Phone 334-467-6432

cj-one@msm.com

## CERTIFICATE OF SERVICE

I hereby certify that on December 22, 2006, 2006, a copy of the foregoing was mailed first class, postage pre-paid, to:

Jeffery Long
Office of the Attorney General
Alabama State House
11 South Union Street
Montgomery, Alabama 36130
Phone 334-242-7555
Fax 334-242-2433

Henry Lyles
State of Alabama Department of Transportation
1409 Coliseum Boulevard
Montgomery, Alabama 36110
Phone 334-242-6350
Fax 334-264-4359

*Curtis Duncan* 12-22-06